| 18 | 259 |
| 7a | 450 |

| 18 | 259 |
| 25 | 259 |
| 12a | 130 |

THE COLLIER & CLEVELAND LITHOGRAPHING COMPANY, PLAINTIFF IN ERROR, v. HENDERSON, DEFENDANT IN ERROR.

1. REMEDY BY MANDAMUS.—The writ of mandamus should never issue unless the party applying for it shows a clear legal right to have the thing sought by it done in the manner and by the person sought to be coerced.

2. REPORTS OF STATE OFFICERS.—A contract for printing 3000 copies of the state engineer's report for distribution among the people of the state, the size of each copy being greatly in excess of 150 pages, is contrary to the requirements of the act of 1889 regulating the printing of such reports.

3. CONCURRENT RESOLUTIONS.—A concurrent resolution adopted by the senate and the house, but not passed by "Bill" under the style, "Be it enacted by the General Assembly of the State of Colorado," and not approved by the governor, nor passed, notwithstanding his disapproval, by a two-thirds vote, as required by the constitution, is not sufficient to authorize a printing contract of the kind above stated.

4. APPROPRIATIONS FOR PRINTING.—An appropriation for printing, other than such printing as may be necessary for the ordinary use of the executive, legislative and judicial departments of the state government, cannot properly be included in the general appropriation bill.

5. AUDITOR'S WARRANTS.—No matter how just or equitable a claim against the state may be, no duty devolves upon the auditor to issue his warrant for the payment thereof, until an appropriation be made by law for that purpose.

*Error to the Court of Appeals.*

MANDAMUS proceeding in the district court. Demurrer to alternative writ overruled, and peremptory writ awarded. In the court of appeals the judgment of the district court was reversed. Petitioner brings the cause to this court for final review.

The following provisions of the constitution are referred to in the opinion:

ARTICLE V.

"Sec. 17. No law shall be passed except by bill, and no

bill shall be so altered or amended on its passage through either house as to change its original purpose."

" Sec. 18. The style of the laws of this state shall be : ' *Be it enacted by the General Assembly of the State of Colorado.*' "

" Sec. 32. The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the state, interest on the public debt, and for public schools. All other appropriations shall be made by separate bills, each embracing but one subject."

" Sec. 33. No money shall be paid out of the treasury except upon appropriations made by law, and on warrant drawn by the proper officer in pursuance thereof."

" Sec. 39. Every order, resolution or vote to which the concurrence of both houses may be necessary, except on the question of adjournment, or relation solely to the transaction of business of the two houses, shall be presented to the governor, and before it shall take effect, be approved by him, or being disapproved, shall be re-passed by two-thirds of both houses, according to the rules and limitations prescribed in cases of a bill."

Messrs. RIDDELL, STARKWEATHER & DIXON, for plaintiff in error.

Mr. J. H. MAUPIN, attorney general, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The application for a writ of mandamus in this case is based upon the following facts. During the legislative session of 1891 both houses of the general assembly adopted the following resolution :

" Be it resolved by the Senate, the House of Representatives concurring, that three thousand copies of the State Engineer's report be printed, as prepared, to be, by the State Engineer, distributed among the people of the state."

Pursuant to the terms of said resolution, and as the general purchasing agent of the state, the secretary of state employed The Collier & Cleveland Lithographing Company, petitioner herein, to do said printing. The report was divided for convenience into two parts, the amount sought to be recovered by this proceeding being for one part only.

Petitioner printed 3000 copies of the report under its contract of employment, and the same were duly delivered to, and received by, the state. Each copy of the report greatly exceeded 150 pages.

The reasonable value of the printing was $3,733.81. For this sum proper bills and vouchers duly approved were presented to the state auditor, and demand was made upon that officer that he issue his warrant upon the state treasurer in favor of petitioner for the amount of its claim so presented. The auditor refused, and thereupon petitioner instituted this proceeding.

"The writ of mandamus," said Chief Justice Beck in a proceeding similar to this, "should never issue, unless the party applying for it shall show a clear legal right to have the thing sought by it done in the manner and by the person sought to be coerced." *People ex rel. v. Spruance*, 8 Colo. 319.

Was it the duty of the state auditor to issue to petitioner the warrant for $3733.81 as demanded? Petitioner says, Yes. Respondent says, No. The determination of the issue requires the consideration of two principal questions which may be stated thus:

First, was the contract of employment entered into between petitioner and the secretary of state duly authorized by law?

Second, was there a ratification of such contract by or on behalf of the state?

The act of 1889, (Session Laws, p. 417,) which was in force at the time of the making of the contract between petitioner and the secretary, is directly applicable to this controversy. Section 3 of that act reads as follows:

" All officers required by any law of the state to make reports to the governor or legislature, shall deposit the same with the governor on or before the fifteenth of November next preceding the regular session of the general assembly, and it shall be the duty of the secretary of state to place said reports without delay in the hands of the person authorized to do the public printing, for publication, and to superintend the printing of the same and to see that it is done in a proper manner ; of each of the reports of said officers there shall be published five hundred (500) copies for the use of the general assembly and state officers ; *Provided*, That none of said reports shall exceed one hundred and fifty pages."

The contract provided for the printing of 3000 copies of the state engineer's report to be by him " distributed among the people of the state." Each copy of said report greatly exceeded 150 pages. Thus the contract, though in pursuance of the concurrent resolution, was contrary to the requirements of the foregoing statute in three particulars : viz., the number of the reports, the size of the reports, and the use to which the same were to be devoted.

The concurrent resolution adopted by the senate on January 30, 1891, and by the house on February 6, 1891, cannot be held to be a law of the state. The resolution was not passed by " Bill " as provided by sections 17 and 18 of article 5 of the Constitution ; nor does it appear that the same was approved by the governor, or passed, notwithstanding his disapproval, by a two-thirds vote, as required by section 39 of the same article. The contract for the printing was not authorized by law.

Upon the question of ratification counsel for petitioner relies upon a certain clause in the general appropriation bill, Session Laws 1891, p. 33, which reads as follows :

" For the printing required by the eighth general assembly for the years 1891 and 1892, and the deficiency for the years 1889 and 1890, viz.: house and senate bills, calendar, letter heads and envelopes, materials, committee reports, roll calls, blanks for reports, rules, contested election briefs, bill covers,

engrossing blanks, the session laws of the eighth general assembly in English and Spanish reports of state officers, departments and state institutions, message and inaugural of governor, publishing the amendments to the constitution, the house and senate journals for 1891, the printing of acts, or parts of acts, and *any printing required by law, or ordered by either branch of the general assembly, the sum of fifty thousand dollars.*"

The foregoing clause cannot be held to include the printing in controversy. A valid appropriation for such purpose would require a separate bill; it could not be included in the general appropriation bill. The language of the clause must be restricted to printing, the expense of which is included in " the ordinary expenses of the executive, legislative and judicial departments of the state," otherwise, being in a general appropriation bill, it would be clearly in violation of section 32 of article 5 of the Constitution. The ordinary expenses of printing for the necessary and actual use of the three departments of the state government may, perhaps, be included in the general appropriation bill; but the expense of printing 3000 copies of the official report of the state engineer for distribution " among the people of the state " cannot be so included.

Thus it appears that the contract between the secretary of state and petitioner was neither authorized nor ratified by any law of the state. Moreover, it does not appear that any appropriation has been made for the payment of any claim arising under such contract. Const., art. 5, sec. 33. No matter, therefore, how just or equitable petitioner's claim may be, no duty can devolve upon the auditor to issue his warrant for the payment of such claim, until an appropriation shall be made by law for that purpose. *In re Appropriations*, 13 Colo. 316; *Mute & Blind Institute v. Henderson*, ante, p. 98; *In re Continuing Appropriations*, ante p. 192; *Burritt v. Commissioners*, 120 Ills. 322; *May v. Rice*, 91 Ind. 546.

The able opinion delivered by Mr. Justice Reed, reviewing

this case, renders a lengthy opinion on our part unnecessary. *Henderson v. C. & C. Lithographing Co.*, 2 Colo. App. 251.

The judgment of the court of appeals reversing the judgment of the district court is affirmed.

*Affirmed.*