[No. 7186.]

COUNTY COMMISSIONERS OF JEFFERSON COUNTY V. RENO.

1.  COSTS—*When County Liable*—Costs are not to be taxed against a county without the specific authority of a statute.

2.  ——*Change of Point of Diversion of Water—Costs—County Not Liable*—Neither the general statute relating to costs, nor sec. 3226 of the Revised Statutes confers authority to tax against a county the costs of a proceeding by the individual consumer ror leave to change the point of diversion of the water to which he is entitled. The provision of the latter section that the "practice and procedure upon all petitions shall be the same as if the petition were for an original statutory decree, does not have the effect to apply to such petition the provisions, as to costs, of Rev. Stat. sec. 3300. Such proceedings are wholly for the benefit of the petitioner. Those who unsuccessfully oppose the petition should pay the costs.

3.  WORDS AND PHRASES—*"Practice" and "Procedure,"* have no reference to costs. They concern the bringing of parties into court, and the hearing and determination of matters in dispute between them.

*Error to Denver District Court.*—Hon. H. C. RIDDLE, Judge.

Mr. GEORGE B. CAMPBELL, for plaintiffs in error.

Mr. GEORGE W. TAYLOR, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is a proceeding in mandamus, by Evan E. Reno against the board of county commissioners of Jefferson county, to compel the payment of $147.11, with interest. The amount claimed is for a part of a judgment for costs, taxed against that county and assigned to Reno, in a proceeding in the district court of the City and County of Denver, wherein Hiram R. Brown sought to change the point of diversion of an appropriation of water for irrigation, from what is known as the Wadsworth ditch to the ditch of the Farmers' High Line Canal & Reservoir Company. The Wadsworth company opposed such change, on the theory that to take this water from its ditch would work an injury thereto, and adversely affect the rights of those using water through it. The court sent the matter to a referee, who took testimony and reported approval of the change. Upon that report a decree was accordingly entered, in which the court taxed the costs equally against the counties of Jefferson, Adams, and the City and County of Denver. The board of commissioners of Jefferson county refused to pay its ratable share of the judgment, on the ground that there is no authority for the assessment of such costs against it; and further if there be such authority, then that the costs should be divided between six counties, comprising the irrigation district, instead of between three of them only. These proceedings followed, resulting in an order to the board to pay, and seeking a reversal of that order, the commissioners bring the case here for review on error.

The suit by Brown was brought under the statute relating to the change of point of diversion, being section 3226 of the Revised Statutes of Colorado, 1908, and is as follows:

"Every person, association or corporation desirous of changing in whole or in part the point or points of diversion of his or its right to use water from any of the streams of the state, shall present a petition to the district court from which the original decree issued, whether the change be from one district to another or not; praying that such change be granted. The practice and procedure upon all petitions, save as herein provided, shall be the same as if the petition were for an original statutory decree; and if the change be from one district to another, the court in which the petition is filed shall require notice and service in each district intervening between the original and the new points of diversion in the manner as now provided by law for statutory water adjudications in 'said several districts,' save that all process or notice shall be issued from and returnable to the court in which the petition is filed as aforesaid."

This section, considered in connection with the one hereinafter quoted, constitutes the only authority upon which the plaintiff does or can base his claim, that the costs in question should have been taxed to the counties. Section 3300 of the Revised Statutes 1908, provides for the payment by counties of the costs of reference in a general adjudication of the priorities of right to the use of water for irrigation, in the several districts of the state, in the following manner:

"Expenses and mileage shall be paid out of the treasury of the county in which such water district shall lie, if it be contained in one county, and if such water district shall extend into two or more counties, then in equal parts thereof, shall be paid out of the treasury of such county into which such district shall extend."

It is contended, as the statute providing for the change of the point of diversion contains these words: "The practice and procedure upon all petitions, save as herein provided, shall be the same as if the petition were for an original statutory decree," that this gives authority to tax the costs against counties in such cases, just as is done in proceedings for a

general adjudication of priorities. The claim is wholly untenable. The terms "practice" and "procedure" have no reference to costs. They concern the legal rules which direct the manner of bringing parties into court, and the method of the court after they are brought in, in hearing, dealing with, and disposing of, matters in dispute between them. There is no attempt by section 3226 to cover the subject of costs; nor can it be construed as authorizing, in any sense, the rendition of a judgment for costs under section 3300 against those who are not parties and have no day in court.—Words & Phrases, Vol. 6, page 5486, and authorities cited; Bouvier's Law Dictionary, Vol. 2, pages 714 and 764.

That the statute providing for payment of costs by the counties in a general adjudication proceeding has no application in a case such as that of Brown against The Wadsworth Ditch Company seems plain. It provides for the payment of costs in an altogether different proceeding, and the reasons are obvious. In a general adjudication of priorities the interests of every water user in the district, of the general public, and of the county, are affected. It is just and equitable under such conditions that the costs should be paid out of the taxes collected by the county at large. But in an application to change the point of diversion no priorities are changed, awarded or in any wise affected. The petitioner is simply allowed to make diversion at another point, and he alone is benefited. The question decided in that case was, shall Brown, who has an appropriation of water through the Wadsworth ditch, have the right to carry and deliver it to his land through another ditch. There is no more reason why counties should pay the costs of such litigation than those of any other private disputes which the parties may take to the courts for adjustment.

Section 1055 of the Revised Statutes of 1908 is as follows:

"Judgment for costs—Execution.—Sec. 1. If any person shall sue in any court in this state in any action, real, per-

sonal, or mixed, or upon any statute for any offense or wrong immediately personal to the plaintiff, and shall recover any debt or damages in such action, then the plaintiff or demandant shall have judgment to recover against the defendant his costs to be taxed; and the same shall be recovered, together with the debt or damages, by execution, except in the cases hereinafter mentioned."

The action in which judgment for costs was rendered against the county was brought by Brown, concerning matters purely personal. It is not a case in which the county or general public is interested, except incidentally. And even if the interest in the proceedings had been direct and general, still the costs would not be a public charge unless definitely made so by law. The Wadsworth Ditch Company, and others with a direct interest, resisted the application, and the judgment, under the above provision, should have been against them for costs, not against the counties. The general statute concerning costs does not authorize the court to render judgment against one not interested in the litigation or the subject matter thereof, not a party to the suit and not before the court. Costs are purely a creature of statute, and unless there be a statute which specifically directs the taxation of costs, in such a case, against counties, it may not be lawfully done.— *Commissioners v. Lee,* 3 Colo. App. 177; *Commissioners v. Wilson,* 3 Colo. App. 492. There appearing to be no such statute, the court was without authority to render the judgment for costs which was allowed. That judgment was awarded without jurisdiction, was void and cannot be enforced by mandamus or otherwise. The pretended judgment here sought to be enforced being a nullity, because entered wholly without authority, against parties not in court, not served with process, and not parties to the proceeding, as affirmatively appears from the record, the plaintiff not only did not have a clear right, but was without any right to collect it, and plainly mandamus would not lie.—*Gruner v. Moore,* 1 Colo. 526; *People v. Spruance,* 8 Colo. 307; *C. & C. L. Co.*

*v. Henderson*, 18 Colo. 259; and *Nance v. People*, 25 Colo. 253.

The judgment is reversed and the cause remanded with directions to the district court to dismiss the proceedings.

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.