## No. 12,192.

STURNER *v.* JAMES A. MCCANDLESS INVESTMENT COMPANY ET AL.

(284 Pac. 778)

Decided January 27, 1930.

Mr. GEO. H. WILKES, Mr. JOHN H. VOORHEES, for plaintiff in error.

Mr. JAMES T. LOCKE, Mr. E. H. STINEMEYER, for defendants in error.

24

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS proceeding presents the question whether, in the circumstances disclosed by the record, Eva M. Sturner, hereinafter called the plaintiff, is entitled to a peremptory writ of mandamus to compel the transfer upon the books of the James A. McCandless Investment Company, from Ida A. Nettle to Eva M. Sturner, of 937 shares of the capital stock of the company. The defendants are the company, its president, J. Victor McCandless, and its secretary, Minnie F. Collins.

Ida A. Nettle sent from California to her brother, J. Victor McCandless, a certificate for the shares in question, endorsed in blank. Thereafter, on October 20, 1927, she died. Her brother was appointed administrator of her estate, and now holds the stock certificate as such administrator. On June 28, 1927, the plaintiff's attorney presented to McCandless, Ida A. Nettle's written statement to the effect that the writer had sold to the plaintiff the 937 shares of stock, and ordering a transfer thereof to the plaintiff. The writing was dated June 22, 1927. At the time of presenting the statement and order the attorney demanded a transfer upon the books of the company. The demand was refused. In their return, verified by McCandless, the defendants deny that Ida A. Nettle sold the stock; deny that the plaintiff is the owner thereof, and allege that McCandless holds the certificate as administrator of his sister Ida's estate. They aver that at the time of the alleged purchase by the plaintiff and the signing of the written statement and order above referred to, Ida A. Nettle, a sister of the plaintiff, was so disordered in her mind that she was unable to manage her own affairs and was unable to understand the nature and character of the transaction; that the plaintiff took advantage of her sister's mental disorder, and by undue influence procured, for a grossly inadequate considera-

tion and upon payment of only a small part thereof, her sister's signature to the statement and order; and that for this reason, as well as for other reasons alleged, but not necessary for us to consider, the defendants refused to make the transfer when demanded.

McCandless, as administrator of the estate of Ida A. Nettle, tendered his verified petition in intervention, and applied for leave to intervene and file the petition. The petitioner alleges that he has, and is entitled to, the possession of the stock certificate as administrator; that he had rescinded the so-called contract of purchase, and had tendered to the plaintiff the money she claims to have paid under the contract. The petitioner describes the disordered and unbalanced condition of mind of Ida A. Nettle, and alleges that she was unduly and wrongfully influenced to make the so-called contract of purchase, and that such judgment and will as she had were overcome and overpowered by the persuasions and actions of the plaintiff. Upon objection made by the plaintiff, the court denied the application of the administrator to intervene.

The court found that the plaintiff was not entitled to the writ, and adjudged that the plaintiff "take nothing by this action," and that the alternative writ be quashed.

1. That in a proper case mandamus will lie to compel the issuance of stock certificates, is the law in this jurisdiction. *Capitol Petroleum Company v. Haldeman,* 66 Colo. 265, 180 Pac. 758.

2. Is this a proper case for the issuance of such writ? We think not. No one is entitled to the writ whose right is not clear and unquestionable. If there is a doubt about his right, mandamus will not lie. "Mandamus," said the court in *Townes v. Nichols,* 73 Me. 515, 517, "is the right arm of the law. Its principal office is, not to inquire and investigate, but to command and execute. It is not designed to assume a part in ordinary law suits or equitable proceedings." It is not an appropriate remedy to enforce private contract rights not clearly established, or

when it is apparent that the interests of third persons, who are not before the court, are involved. *Farmers' Highline Canal and Reservoir Company v. People,* 8 Colo. App. 246, 45 Pac. 543; *Farmers' Independent Ditch Company v. Maxwell,* 4 Colo. App. 477, 36 Pac. 556; *Bright v. Farmers' Highline Canal and Reservoir Company,* 3 Colo. App. 170, 32 Pac. 433; *People v. Spruance,* 8 Colo. 307, 6 Pac. 831; *Mayor of Aspen v. Aspen Town & Land Company,* 10 Colo. 191, 15 Pac. 794, 16 Pac. 660; *Collier & Cleveland Lithographing Company v. Henderson,* 18 Colo. 259, 32 Pac. 417; *People v. Butler,* 24 Colo. 401, 51 Pac. 510; *Gunter v. Walpole,* 65 Colo. 234, 176 Pac. 290. The return shows that the plaintiff's right to the stock is not clear and unquestionable.

The application of McCandless, as administrator, to intervene was objected to by the plaintiff on the ground that in a mandamus proceeding conflicting claims to the stock cannot be tried. The court properly sustained the objection. *Bright v. Farmers' Highline Canal and Reservoir Company,* 3 Colo. App. 170, 32 Pac. 433. The tendered petition, however, emphasizes the fact, shown by the return, that the plaintiff's right and title to the stock are in controversy.

On the showing made, it was proper to dismiss the proceeding. The conflicting claims asserted by the plaintiff and the administrator can be determined in some action or suit adapted to the trial of such controversies, not in a mandamus proceeding.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE, concur.