## No. 12,634.

BARGLER *v.* FARMERS IRRIGATION COMPANY.

(290 Pac. 288)

Decided June 30, 1930.

Mr. C. W. DARROW, Mr. C. H. DARROW, for plaintiff in error.

Messrs. McMULLIN, STERNBERG & HELMAN, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position here as in the trial court and for convenience we designate them as there.

Plaintiff, claiming to be the owner of five shares of stock in defendant corporation, as evidenced by certificate No. 172 which he held, brought this action in mandamus to compel a transfer thereof to him on the books

of the company. Defendant's motion for judgment on the pleadings was sustained on the ground that title to the stock in question was in dispute. To review that judgment plaintiff brings error, asks that the writ be made a supersedeas, and prays final judgment on this application.

The complaint was filed and the alternative writ issued in November, 1926. Five weeks later defendant made return, alleging disputed ownership. January following plaintiff moved to strike those portions of the return which pleaded the questioned title. In February, 1928, an amended writ was issued and it was stipulated that the former return and motion to strike should stand thereto. April 14 of that year the motion to strike was overruled, as was also defendant's motion to make other claimants parties. So the matter stood for some two years. In March, 1930, plaintiff filed a verified replication in which he says, inter alia, that as certain relief demanded by defendant has been denied by the court (i. e., that the other claimants be made parties and defendant be dismissed), "except as to a determination of the ownership of said five shares in which plaintiff joins," etc. Thereupon defendant moved for judgment.

We need not notice the motion to strike, nor consider the correctness of the ruling thereon. Defendant's demand for an adjudication herein of title to the stock in question was coupled with a request for its own dismissal and substitution of claimants adverse to plaintiff. When such dismissal and substitution were refused by the court and plaintiff's replication was filed, this action retained its original character as mandamus, but the only real issue raised was the question of ownership of the stock. No such question can be litigated in an action in mandamus to compel the transfer of the disputed certificate.

"No one is entitled to the writ whose right is not clear and unquestionable. * * * It is not an appropriate rem-

edy * * * when it is apparent that the interests of third persons, who are not before the court, are involved." *Sturner v. McCandless Inv. Co.,* 87 Colo. 23, 284 Pac.

That cause, like this, was a proceeding in mandamus to compel a transfer on the books of the company of stock to which title was contested.

The motion was properly sustained, and the judgment is affirmed.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Moore concur.