No. 13,563.

PEOPLE EX REL. FOLEY *v.* STAPLETON, MAYOR ET AL.
(56 P. [2d] 931)

Decided March 9, 1936.

Mr. MYLES P. TALLMADGE, for plaintiffs in error.

Mr. James D. Parriott, Mr. Robert J. Kirschwing, Messrs. Hughes & Dorsey, Mr. W. A. Alexander, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as Foley, defendants in error as the city, and the Denver Tramway Corporation as the tramway.

■ The city, by ordinance, granted the tramway a "revocable permit" to operate passenger busses on Marion street. Foley brought mandamus to compel the cancellation thereof. The city demurred for want of facts, defect of parties, and want of jurisdiction. The ruling of the court was, "The demurrer of respondents to the alternative writ of mandamus is sustained." Foley elected to stand and to review the judgment thereupon entered against him he prosecutes this writ. Reference to what appears in the record as the "ruling of the court," but which, aside from the language above quoted, is a written "opinion" stating the trial judge's conclusions of law and the authorities on which these are based, discloses that the demurrer was sustained for want of facts. However, since we are concerned only with the correctness of the judgment, not the reasons of the court, if any ground of demurrer was good the judgment must be affirmed.

It appears that by ordinance No. 2, series of 1930, the city authorized the operation of busses north and south on Downing street, and that by ordinance No. 8, series of 1934, it authorized these busses to operate, south bound, on Marion street for the purpose of making Downing a one-way street. These streets are adjoining, Downing being the westerly of the two, and next west of it is Corona. The street next east of Marion is Lafayette.

It appears that between 1930 and 1934 shifting conditions and increased traffic necessitated the change, evidenced by ordinance No. 8.

The last paragraph of section 4 of article XX of the state Constitution (applicable to the city) reads in part: "No franchise relating to any street, alley or public place of said city and county shall be granted except upon the vote of the qualified taxpaying electors * * *."

Section 281 (formerly 269) of the city charter reads: "The council may grant a license or permit at any time, in or to any street, alley or public place, provided such license or permit shall be revocable at any time, and such right to revoke shall be expressly reserved in every license or permit which may be granted hereunder." These enactments have stood thus for something over thirty years.

In adopting said ordinance No. 8 the city claimed to act under the provisions of said section 281 of its charter. Foley's contention was and is that such action was prohibited by said section 4 of article XX of the Constitution because the privilege granted by said ordinance 8 was a franchise. The trial court held the privilege a revocable permit, not a franchise, and hence sustained the demurrer for want of facts.

We think the writ bad for want of facts. Anyone may use the streets and highways for ordinary purposes. This right extends even to conducting such business thereon as does not permanently occupy and obstruct the highway to the exclusion of others. This of course is subject to the right of the people, by appropriate legislation, to regulate or prohibit such operation in the public interest. This may be done by license or permit. If the business permanently occupies and obstructs the highway, as by the erection of a building or the laying of car tracks, the right to do so can only be granted by franchise. Such seems to be the general rule, gathered from constitutional and legislative enactments and the

decisions of the courts. *Denver & S. Ry. Co. v. Denver City Ry. Co.,* 2 Colo. 673, 682; 12 R. C. L., p. 174, §1; 26 C. J., p. 1008, §1; p. 1011, §4; p. 1013, §5. Moreover, we think the demurrer for want of parties good. 38 C. J., p. 853, §556.

 But we specifically base our affirmance of this judgment on the ground of want of jurisdiction, i. e., that herein mandamus did not lie. The writ, one of the most drastic remedies known to the law, may be issued only "to compel the performance of an action which the law specially enjoins." Civil Code '21, p. 165, §342. This ordinance is clearly constitutional or its validity is in doubt, and when the right claimed is doubtful, mandamus will not lie. *Sturner v. McCandless Inv. Co.,* 87 Colo. 23, 284 Pac. 778; *Bargler v. Farmers Irr. Co.,* 87 Colo. 605, 290 Pac. 288. Moreover, if the ordinance were clearly unconstitutional it is a mere nullity and the city may repeal it or leave it as it pleases. Many statutes, held unconstitutional by the courts, have never been further noticed by the legislature. Again, in the enactment of legislation the validity of the proposed measures is primarily a question solely for the lawmaking department. Prior control thereof is not only impracticable, it would be extremely dangerous, and is in fact irreconcilable with our scheme of government and the fundamental division thereof into executive, legislative and judicial departments. In complete recognition of this principle this court, more than forty years ago, said: "The legislature cannot be thus compelled to pass an act, even though the constitution expressly commands it; nor restrained from passing an act, even though the constitution expressly forbids it." *Greenwood C. L. Co. v. Routt,* 17 Colo. 156, 162, 28 Pac. 1125.

The department of the city here proceeded against is the legislative; the action, and the only action, here sought is the repeal of legislation, i. e., an ordinance; and this can only be accomplished by the passage of

legislation, i. e., a repealing ordinance. This the courts are powerless to command.

The judgment is affirmed.

MR. JUSTICE BUTLER not participating.