VALIENTE & Co., Plaintiff and Appellee, *v.* RAFAEL SANCHO BONET, Defendant and Appellant.

No. 7134. Argued March 10, 1936.—Decided August 1; 1936.

*B. Fernández García* and *Manuel Cruz Horta* for appellant. *Edelmiro Martínez Rivera* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiff Valiente & Co. is a mercantile firm and brought suit to recover from the Treasurer of Puerto Rico the sum of $108.04 for taxes paid under protest. The Treasurer imposed or sought to impose this tax by virtue of Joint Resolution No. 13 of July 8, 1929, entitled "Joint Resolution creating a commission to protect Porto Rican Tobacco; establishing the powers and duties of said commission; levying a tax to create a fund to be known as the 'Fund for the protection of Porto Rican tobacco', and for other purposes."

The complaint attacked the constitutionality of the tax principally on the ground that such a tax could not be imposed by Joint Resolution, but only by a bill converted into an act or by an act. For the purposes of contrasting a joint resolution with the other measures that might become laws, we think the words "bill" or "act" are used somewhat synonymously in the Organic Act. The complaint alleged other grounds of inconstitutionality. These other grounds were overruled by the district court, but that court held that this act, law, or statute, as it may be called, could not be put into effect by a joint resolution. The Treasurer demurred, the District Court of San Juan sustained the demurrer with respect to the other grounds of inconstitutionality and overruled it with respect to the third cause of action wherein the validity of the joint resolution was attacked.

For some purpose that it is unnecessary to consider, the plaintiff amended its complaint and the defendant answered. There was a stipulation then filed as to the facts which more or less is to the same effect as the essential facts heretofore recited. The court with respect to all the pleadings and especially with respect to the demurrer rendered judgment in favor of the complainant for the return of $88.14. In other words, the court did not agree with part of the claim of the plaintiff attacking the constitutionality of the tax on other grounds. Practically, the only question before us is whether the Legislature of Puerto Rico can do by joint resolution what it can do by an act initiated by a bill.

The Treasurer appealed. The appellee insists on the other grounds of inconstitutionality only in case this Court should fail to sustain the invalidity of the Joint Resolution. The appellant, the Treasurer, maintains that all other questions were waived.

Section 34 of the Organic Act in one of its clauses contains the following provision: (Laws of 1935, p. 42.)

"No law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose."

The said Section 34 at its very beginning uses the following words:

"Section 34.—That the enacting clause of the laws shall be as to acts, 'Be it enacted by the Legislature of Porto Rico,' and as to joint resolutions, 'Be is resolved by the Legislature of Porto Rico.' Except as hereinafter provided, bills and joint resolutions may originate in either house."

Immediately we see that Congress was using the words "bill" and "act" as synonymous for the instant purpose, namely, to define how each of these measures should be enacted. Section 34, *supra,* is very long and we shall not attempt to transcribe all its provisions, but in the first part of it, the word "bill" is mentioned a number of times, but no reference is made to a joint resolution. In another part of the section, quite a little way after the words "no law shall be passed except by a bill, etc.", the following appears:

"Every order, resolution, or vote to which the concurrence of both houses may be necessary, except on the question of adjournment, or relating solely to the transaction of business of the two houses, shall be presented to the Governor, and before it shall take effect be approved by him, or, being disapproved, shall be repassed by two-thirds of both houses, according to the rules and limitations prescribed in case of a bill."

Therefore, it is evident that Congress was clearly distinguishing a joint resolution from a bill.

Various attempts have been made to define what a legislature may do by a joint resolution, especially, we suppose, in jurisdictions where provisions of the Constitution are similar to our own requiring that no law shall be passed except by a bill. By Joint Resolution the Legislature may do certain things with respect to its own internal management or business or pass some measure which is clearly to be temporary.

Now it happens that the Congress of the United States itself may enact a law either by "act", (read "bill") or by joint resolution and so may a number of other of the state legislatures. The appellee in its brief sums up the various jurisdictions that have similar provisions to our own and those that have not.

The District Court of San Juan reasoned that Congress necessarily knew what it was doing when it provided that "no law shall be passed except by bill . . ."; that if that body had desired to allow laws to be introduced indiscriminately by bill or joint resolution all that it would have needed to do would have been to omit the said phraseology. The court cited several cases from California and Colorado which supported the viewpoint of the judge. They are: *People* v. *Taol,* 85 Cal. 333; *Mullan* v. *State,* 114 Cal. 578; and *Collier & Co. Lithographing Co.* v. *Henderson,* 18 Colo. 259.

In the appellant's brief the principal argument, so far as we follow it, is that more or less the right to enact laws by a bill or joint resolution is inherent in legislatures or something to this effect. The principal attempt of the government was to analyze the cases cited by the district court to show that the Constitution of California and Colorado were different and that the cases, for other reasons, did not apply. One of the grounds of distinction was that in one or two of the cases cited by the judge, the Joint Resolution was not approved by the Governor. We have examined the cases and we find that in each of them the court gave as its ground of decision, or one of its grounds of decision, that no law could be enacted except by a bill.

The appellee does not rely exclusively on these three cases, but cites others more or less to the same effect as follows: *May* v. *Rice, Auditor,* 91 Ind. 546; *Ex Parte Hague,* 144 Atl. 559.

We see no way of avoiding the conclusion that the Joint Resolution No. 13 of July 8, 1929, was ineffective for its

purpose and unconstitutional and the judgment appealed from will be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.