No. 14,330.

BROWNLOW ET AL. *v.* WUNCH ET AL.
(80 P. [2d] 444)

Decided May 31, 1938.   Rehearing denied June 20, 1938.

Mr. Worth Allen, Messrs. Twitchell, Clark & Eckley, for plaintiffs in error.

Mr. James E. Griffith, Messrs. Garwood & Garwood, for defendants in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

Plaintiffs in error, herein designated as interveners, prosecute a writ of error to a judgment of the district

court of the City and County of Denver denying them the right to intervene, and striking their petition from the files in a certain mandamus case against George E. Saunders, secretary of state of Colorado, prosecuted by the proponents and sponsors of a certain petition for a constitutional amendment to be voted upon by the electors at the forthcoming election under the initiative and referendum provisions of the Colorado Constitution and laws enacted pursuant thereto. The proponents and the secretary of state are joined as defendants in error.

The proponents procured a ballot title and submission clause for the proposed amendment in the manner provided by law; circulated petitions and procured the requisite number of signers and filed the amendment and petitions with the secretary of state. The same persons herein designated as interveners protested a sufficient number of names on the petition as not being those of qualified voters to reduce the number below the required minimum, and their protests were sustained on a hearing before the secretary as to a requisite number of signers, thereby rendering the petition filed insufficient under applicable constitutional provisions. Thereupon proponents withdrew the petitions, procured a large number of additional signers and tendered the petition as so supplemented to the secretary of state for refiling within fifteen days from the date of its withdrawal. The same persons herein designated as interveners and those who had successfully protested the signers on the petition as originally filed, again protested to the secretary of state against the refiling of the petition on the ground that more than six months had elapsed since the date of procuring the ballot title, after the expiration of which time, the protestants contended, the secretary of state was without authority to file the same. Briefs were filed with the secretary by the protestants and proponents and after giving the matter due consideration that official refused to refile the petition. It is pertinent to state at this point that there is statutory authorization for protesting any

one or more of the signers of a petition of this character after it is filed, on the ground that such signer or signers were not duly qualified electors, but there is no statutory provision for a protest against the filing, or refiling after withdrawal of such a petition. Upon the refusal of the secretary the proponents instituted an action in mandamus in the district court of the City and County of Denver to compel a refiling. An alternative writ issued directing the secretary to refile the petition or show cause for failing so to do. That official, appearing by the attorney general, and the present counsel for interveners as special counsel, filed a demurrer to the writ setting up two grounds, namely: "That more than six months had elapsed from the date of the designation of the title and submission clause, and the date when the purported petition was presented for refiling; and thereby said purported petition then was, and now is, of no force or effect and could not have then been legally filed by the respondent," * * * and that "Said alternative writ of mandamus does not nor does the petition upon which it is based, state facts sufficient to constitute a cause of action, or to authorize, justify or permit the issuance of the peremptory writ of mandamus as therein sought or to entitle the relator to the performance of the act sought to be enforced or the grant in this proceeding of any relief whatever." The trial court on March 18, 1938, overruled the demurrer, as to each ground, and granted ten days time for respondent to elect what further action, if any, he would take. March 28, the attorney general stated in open court that the secretary of state did not desire to contest further in the matter. After the taking of testimony on the part of petitioners the writ was made peremptory.

After the ruling on the demurrer and pending the election of the secretary of state to stand thereon, the persons who had protested the refiling of the petition in the secretary of state's office filed a petition in the mandamus action to be permitted to intervene, and to adopt the

demurrer of the secretary of state, to stand on it and carry the matter to the Supreme Court for review. The petition to intervene was denied and on motion of the relators was stricken from the records. This action of the court is the matter before us for consideration.

Errors are assigned to the court's ruling on the demurrer and to the denial of the right to intervene. The view that we entertain with respect to the ruling of the court on the right to intervene makes it unnecessary to consider the assignments directed to the merits of the overruling of the demurrer.

Section 22 of the Code of Civil Procedure is as follows: "Any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action between other persons, either in joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant."

The pertinent provisions of the statutes enacted with reference to the initiation of constitutional amendments are sections 3 and 6 of chapter 86, C. S. A. '35. Section 3 passed in 1919 is as follows: "No petition for any initiative measures shall be circulated nor any signature thereto have any force or effect which has been signed before the titles and submission clauses have been added in the manner herein provided. No petition for any initiative measure shall be of any force or effect unless filed with the secretary of state (as provided for by the constitution) within six months from the date that the titles and submission clauses have been provided therefor pursuant to the provisions of section 1 of this chapter."

Section 6 passed in 1913, is as follows: "All petitions, so verified, shall be deemed and held sufficient if they appear to be signed by the requisite number of signers, and

such signers shall be deemed and held to be qualified electors, unless a protest in writing under oath shall be filed in the office in which such petition has been filed, by some qualified elector, within fifteen days after such petition is filed, setting forth specifically the grounds of such protest and the names protested; whereupon the officer with whom such petition is filed shall forthwith mail a copy of such protest to the persons named in such petition as representing the signers thereof, at the addresses therein given, together with a notice fixing a time for hearing such protest, not less than five or more than twenty days after such notice is mailed. All records and hearings shall be public. Hearings shall be summary and must be concluded within forty days after such petition is filed, and the result thereof shall be forthwith certified to the persons representing the signers of such petition. In case the petition be declared insufficient in form or number of signatures of qualified electors, it may be withdrawn by a majority in number of the persons representing the signers of such petition, and may, within fifteen days thereafter, be amended or additional names signed thereto as in the first instance, and refiled as an original petition. The findings as to the sufficiency of any petition may be reviewed by any state court of general jurisdiction in the county in which such petition is filed, but such review shall be had and determined forthwith, and, upon application, the decision of such court thereon shall be reviewed by the supreme court summarily.''

The latter section sets up a special procedure for protesting petitions for the initiation of measures. In *Elkins v. Milliken,* 80 Colo. 135, 249 Pac. 655 (cited in note 70 A. L. R. 733), an action in equity to enjoin the secretary of state from placing an initiated measure on the ballot, it was held that the procedure outlined by the statute does not deprive equity courts of jurisdiction and that such statutory procedure has no application to actions in such courts.

Interveners point out that they are the persons

who successfully protested the petition as originally filed and apparently they assume that by virtue of such action on their part they become, if not necessary, at least proper, parties to all subsequent proceedings with respect to the petition. We think this assumption is not warranted. When withdrawn the statute provides that the petition may be refiled as an original petition. In *Robinson v. Armstrong,* 90 Colo. 363, 9 P. (2d) 481, the following comment was made on this statutory provision: "Once withdrawn it [the petition] passes from official control and may be tampered with, amended or destroyed." As to the petition when withdrawn the relationship of those who had successfully protested it when originally filed was no different from what it was to the original petition before it was filed. The fact that they once had protested was no indication that they would do so again. We have pointed out that there is no statutory provision for protesting the filing or refiling of a petition with the secretary of state. The fact that interveners did protest the refiling of it and convinced the secretary that he was without authority to refile it, we think, does not give interveners any right superior to that of other citizens, who might feel that they would be injured by the proposed amendment, to intervene in the mandamus action. The question on intervention then resolves itself to this: If the secretary refuses to file or refile a tendered petition and mandamus is brought to compel him to do so, has a citizen who feels that he will be injured by the proposed amendment such an "interest in the matter in litigation," or "in the success of either of the parties to the action," that he has a right to intervene? We are of the opinion that the question must be answered in the negative. The filing of such a petition is a ministerial act. Doubtless the secretary has discretion in the first instance to determine whether there has been a compliance with the necessary legal prerequisites to entitle the petition to be filed. If he determines that there has been, even though he is in error, he may file it. If he determines that there

has not, he may refuse, as he did in this case. In the first instance he need give no notice to those who have objected or are then objecting to the filing. He has no duty in law to hear, or, if he does hear, to pass upon, the grounds urged by any objector or to state his reasons for exercising his discretion in the premises. In the second instance there need be no protest or objection made to authorize a refusal on his part to file and he need give no reason for such refusal. It does not appear so far that any person or persons other than the secretary and proponents have any interest in the controversy.

When this mandamus action was instituted to compel the secretary to file, an alternative writ issued. He then had to do one of two things: One, he might file; or, two, show a lawful reason for not filing. As to which of these two courses he should follow, he was the sole judge. Even the court was powerless to direct his election. That the act has been performed is a good return to an alternative writ and if made, no issue is joined. Issue is joined, if at all, only by demurrer, or answer showing cause for failure or refusal to perform. If after demurrer or a showing of cause for failure to perform respondent shall determine upon performance and make a return, we know of nothing to prevent his so doing and thus forthwith terminating the litigation. The court in mandamus cases may compel the exercise of discretion or the performance of a ministerial act in favor of one clearly entitled to its performance, but we know of no power possessed by the court which it may exercise in a mandamus action, either on its own motion or when invoked by relators or by interveners if their petition in intervention be granted to prevent a ministerial officer from performing his duty, the subject of litigation, at any stage of the proceedings, regardless as to whether up to that point the proceedings have been favorable or unfavorable to respondent or even after they have terminated adversely to the relators. The judgment in a mandamus suit may be, that a ministerial officer—where there

is a clear legal duty—*shall* perform, or, where the duty does not appear, that he *need not* perform; but never that he *shall not* perform. If the latter judicial direction is given it must be by a judgment entered in an equitable action for injunction. To hold otherwise would make of a mandamus suit an instrument to direct the manner of the exercise of discretion and prevent the performance of ministerial acts, rather than importing to it its well recognized functions of compelling performance of clear ministerial duties (Code of Civil Procedure, §342), and compelling the exercise of discretion without attempting to control it. *Laizure v. Baker,* 91 Colo. 292, 14 P. (2d) 486.

If the petition in intervention had been granted and on writ of error the judgment of the district court, which the secretary of state has expressed himself willing to abide by, and to which he has assigned no error, should be held by this court to have been erroneously rendered, thus having the effect of saying to him that he *need not* file the petition, the judgment thus obtained would not avail the interveners to prevent his filing the petition. The district court was right in refusing to do a vain thing, particularly since mandamus is a discretionary writ. *People v. Buckland,* 84 Colo. 240, 269 Pac. 15; *Dines v. Harris,* 88 Colo. 22, 291 Pac. 1024; *Hertz Drive-Ur-Self System v. Doak,* 94 Colo. 200, 29 P. (2d) 625. It was proper to deny the petition to intervene.

The judgment is affirmed.

Mr. CHIEF JUSTICE BURKE dissents.

Mr. JUSTICE HOLLAND not participating.