**DENVER POLICE PROTECTIVE ASSOCIATION, and John Schnittgrund, an individual, Plaintiffs-Appellees,**

v.

**The CITY AND COUNTY OF DENVER, The Board of Councilmen of the City and County of Denver, The Honorable William H. McNichols, Jr., acting in his capacity as Mayor of the City and County of Denver, Edward F. Burke, Jr., Salvadore "Sal" Carpio, Cathy Donohue, Stephen Grogan, Paul A. Hentzell, Kenneth M. MacIntosh, James J. Nolan, Larry Perry, Cathy Reynolds, William R. Roberts, M.L. "Sam" Sandos, L. Don Wyman, in their capacities as members of the Board of Councilmen of the City and County of Denver and Elvin R. Caldwell, in his capacity as a member and president of the Board of Councilmen of the City and County of Denver, Defendants-Appellants.**

No. 80CA1046.

Colorado Court of Appeals, Div. III.

March 3, 1983.

Rehearing Denied March 31, 1983.

Certiorari Denied June 13, 1983.

Brauer, Simons & Buescher, P.C., Mark N. Simons, Ellen M. Kelman, Denver, for plaintiffs-appellees.

Max P. Zall, City Atty., Gary F. Burke, John L. Stoffel, Jr., Asst. City Attys., Denver, for defendants-appellants.

VAN CISE, Judge.

This is a class action brought against the defendants, the City and County of Denver and certain of its officials (the city), by plaintiffs, Denver Police Protective Association and John Schnittgrund, a Denver police officer. Plaintiffs challenge (1) the methods used by the city in 1977 to establish the pay plan for police department employees for 1978 and (2) the plan established under this procedure. The trial court held that the city did not comply with its charter and that, therefore, the 1978 pay plan ordinance was invalid. It issued a mandatory injunction ordering the city to reconduct the 1977 wage survey in a manner which complies with the charter and to adopt a pay plan to provide rates of pay for police department employees as required by the charter. The city appeals. We affirm.

## I.

 The city argues that since the charter provisions require compliance with very specific criteria and procedure, no discretion is involved, and, thus, it contends that the establishment of the annual police department pay plan was quasi-judicial, and not legislative. From this, the city asserts that C.R.C.P. 106(a)(4) is the exclusive remedy, and since the 30-day time limitation of C.R.C.P. 106(b) was not complied with, the action should have been dismissed. We disagree with the city's characterization of the pay plan procedure.

The general rule is "that the setting of salaries is a legislative function [and] . . . the establishment of prevailing rates as an incident to fixing salaries is a quasi-legislative rather than a judicial or quasi-judicial function." *Reeve v. Career Service Board,* 636 P.2d 1307 (Colo.App.1981). *See also Greeley Police Union v. City Council,* 191 Colo. 419, 553 P.2d 790 (1976); *McNichols v. Denver,* 131 Colo. 246, 280 P.2d 1096 (1955); *Spencer v. City of Alhambra,* 44 Cal.App.2d 75, 111 P.2d 910 (1941); *Collins v. City & County of San Francisco,* 112 Cal.App.2d 719, 247 P.2d 362 (1952); *Bagley v. City of Manhattan Beach,* 18 Cal.3d 22, 553 P.2d 1140, 132 Cal.Rptr. 668 (1976). Thus, there was no basis for an action under C.R.C.P. 106(a)(4), which is limited to review of the actions of an "inferior tribunal . . . exercising judicial or quasi-judicial functions." *Snyder v. City of Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975). And the 30-day time limitation for such an action is inapplicable.

## II.

 The city next contends that, even if adoption of a pay plan is legislative and not quasi-judicial, the trial court lacked jurisdiction to issue the mandatory injunction. It argues that this action usurps the city's legislative authority and discretion. We disagree.

The trial court made extensive factual findings regarding the inadequacy of the survey data which was provided to the city council. It also found that the plaintiffs'

expert witness was more credible than the city's. Since the findings were supported by competent evidence and determination of credibility is for the factfinder, they will not be disturbed on appeal. *Broncucia v. McGee,* 173 Colo. 22, 475 P.2d 336 (1970). Based thereon, the court properly concluded that the city failed to follow the prescribed charter procedure. An appropriate remedy is that adopted by the court, a resurvey and adoption of a new plan based thereon. *See Bernstein v. Livingston,* 633 P.2d 519 (Colo. App.1981).

The mandatory injunction was issued only to compel the performance of an action which the charter specially requires. *People ex rel. Foley v. Stapleton,* 98 Colo. 354, 56 P.2d 931 (1936). Therefore, the court did not exceed its jurisdiction in entering the order. *Stapleton, supra.*

The other contentions of the city are without merit.

Order affirmed.

BERMAN and KELLY, JJ., concur.