### PEOPLE *v.* MYERS, Comptroller.

(*Supreme Court, General Term, Third Department.* December 31, 1888.)

1. MANDAMUS—IN WHAT DISTRICT GRANTED.
   Code Civil Proc. N. Y. § 2068, provides that a *mandamus* can be granted by the supreme court only in the district embracing the county wherein an issue of fact joined on an alternative writ is triable, and section 2084, that such issue of fact is triable in the county where the material facts took place, unless the court directs otherwise. *Held,* that a motion for a writ commanding the city comptroller of New York to draw his warrant for payment of unpaid taxes into the state treasury, was properly made in the district where the following acts were actually or constructively performed, viz., the equalization of the valuations of the counties by the state board; the filing of the statement of such equalization; the notification of the proper officers in the respective counties of the valuation; and the failure to pay the tax into the state treasury.

2. MUNICIPAL CORPORATIONS—LIABILITY FOR STATE TAXES—MANDAMUS—PARTIES.
   The mayor, aldermen, and commonalty of the city are not necessary parties to the proceeding, nor will they be allowed to intervene, as the city comptroller is authorized and required by section 153 of the consolidation act, (Laws N. Y. 1882, c. 410,) unless the money for that purpose shall have been otherwise provided, to issue bonds, and with the proceeds to pay the taxes, and the mayor, etc., therefore owe the state no duty in respect to the payment; and the corporation counsel is required by section 215 to act as counsel to all the departments and officers, and would therefore have the management of the proceedings whether or not they were made parties.

3. SAME—DUTY OF COMPTROLLER—ALTERNATIVE MANDAMUS.
   Section 153 of the consolidation act making it the imperative duty of the city comptroller to pay the taxes at prescribed times, *mandamus* is the proper remedy for neglect or refusal on his part to perform a part of such duty; but, where the fact of neglect or refusal is denied, an alternative writ only will be granted.

Appeal from special term, Ulster county.

Application of the attorney general for a writ of *mandamus* to compel the comptroller of the city of New York to draw a warrant and issue bonds for payment of certain taxes into the state treasury. An alternative writ was granted. The opinion of the special term justice was as follows:

"PARKER, J. The amount of state tax sought to be levied upon the city and county of New York for the current fiscal year was the sum of $4,051,-487.23, which amount the comptroller of said city paid into the state treasury, less $366,581.01, which sum he claimed to be in excess of said city's proper and legal proportion of state tax, and refused to pay. In this proceeding the attorney general applies for a peremptory writ of *mandamus* di-

rected to the city comptroller, commanding him forthwith to draw his warrant upon the city chamberlain for payment into the state treasury of such sum, or that he issue and negotiate sufficient revenue bonds of said city and county to pay the amount claimed. The questions raised and discussed by the learned counsel, I decide as follows:

"*First.* The motion for a *mandamus* was made in the proper county. The practice in *mandamus* proceedings is governed by section 2067 *et seq.* of the Code of Civil Procedure. By section 2068 it is provided that ' except where special provision therefor is otherwise made in this article, a writ of *mandamus* can be granted only at a special term of the court. In the supreme court the special term must be one held within the judicial district embracing the county wherein an issue of fact, joined upon an alternative writ of *mandamus,* is triable, as prescribed in this article.' While section 2084 provides that ' an issue of fact, joined upon an alternative writ of *mandamus,* granted at a special term of the supreme court, is triable in the county wherein it is alleged in the writ that the material facts took place, unless the court directs it to be tried elsewhere.' If, then, the material facts took place in the county of Albany, as alleged by the attorney general, the practice requires that the motion be made in the Third judicial district. In order to entitle the applicant to the writ it is necessary to establish a lawful equalization of the valuations of the respective counties by the state board of equalization, the filing of the statement or certificate of such equalization by the said board of equalization, the notification of the proper officers in the respective counties of the valuation fixed by the state board, and the non-payment of the tax into the treasury of the state. These several acts constitute the material facts in this proceeding, and they were actually or constructively performed in the city of Albany. It follows that the motion was properly made in the Third judicial district.

"*Second.* The motion to permit the mayor, aldermen, and commonalty of the city of New York to intervene as a party defendant for the purpose of arguing a preliminary objection to the jurisdiction of the court or of defending on the merits, is denied. Section 153 of the consolidation act (chapter 410, Laws 1882) provides that ' for the purpose of enabling the city and county of New York to make payment of the quota of state taxes which may be imposed upon and chargeable to the said city and county at the same time or times that other counties of this state are or may be required to make payment by law, * * * the comptroller of said city is hereby authorized and required, unless the money for the payment of the same shall have been otherwise provided, to issue revenue bonds for such amounts as may from time to time become necessary to meet such quota of the state taxes, * * * and from the proceeds thereof to pay to the state treasurer the amount of taxes which the comptroller of the state shall have apportioned according to law, and which may be required to be paid in pursuance of such apportionment to the state by the city and county of New York.' On the 1st day of May of the current year it was the statutory duty of the comptroller to pay the quota of state taxes imposed upon the city and county, if any were due and payable. The mayor, aldermen, and commonalty of the city of New York had no duty to perform in respect to such payment. Upon them rested, it is true, the duty of including the amount paid by the comptroller, for such purpose in the succeeding annual tax levy, but they had no authority to make the payment; neither were they obliged to raise the moneys for the comptroller before he could make it. As they owed the state no duty in respect to such payment, it would have been error for the attorney general to have made them parties to this proceeding. As no mandate can be issued in this proceeding except as against the comptroller, it is difficult to discover any reason why the mayor, etc., should be permitted to intervene. It is not necessary for the protection of the rights and interests of the city and county of New York. By section

215 of the consolidation act, it is made the duty of the counsel to the corporation to act as counsel to all of the departments and officers of the city government, so that, whether the comptroller alone, or the comptroller together with the mayor, aldermen, and commonalty of the city of New York, are parties to the proceeding, the corporation counsel must have the management and conduct of the proceedings. Neither is it pretended that any question affecting the merits of the controversy could be raised by permitting the intervention asked for, which has not been already raised by the comptroller. I conclude, therefore, that the mayor, aldermen, and commonalty of the city of New York are not necessary parties to this proceeding, and that the merits of the contest can in nowise be affected by permitting intervention.

"*Third. Mandamus* is the proper remedy. The legislature, by section 153 of the consolidation act, above quoted, charged upon the comptroller of the city of New York the imperative duty of paying into the state treasury the quota of state taxes imposed upon the city of New York, ' one-half thereof on the 15th day of April, and the other half thereof on the 1st day of May in each and every year; ' and further provided a way in which he could raise the money to make such payment. It is alleged in the petition for the writ that the comptroller has neglected and refused to perform his whole duty in such respect, and has omitted to pay an alleged balance of $366,581.01. If the facts alleged in the petition be true, the question presented is one where a ministerial officer refuses to perform a function which the statute expressly commands; and it is too well settled to require the citations of authorities that, when such a condition exists, the derelict officer may be compelled by *mandamus* to obey the mandate of the violated statute.

"*Fourth.* A peremptory writ denied, and alternative granted. If the facts alleged in the petition were undisputed, the applicant would be entitled in this proceeding to a peremptory writ in the first instance. The answering affidavit on the part of the respondent, however, denies each material allegation in the moving affidavit, and an alternative writ of *mandamus* must therefore be granted."

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*William A. Poste*, Deputy Atty. Gen., for motion. *George S. Coleman*, *contra*.

PER CURIAM. An examination of this case satisfies us that the opinion of the special term is well considered and correct. It is unnecessary for us to repeat the views which the learned justice has so well expressed. Order affirmed, with $10 costs and printing disbursements.