## CHARLESTON.

STATE *ex rel* W. R. WILSON *et als, v.* COUNTY COURT OF WAYNE COUNTY *et als.*

Submitted October 18, 1922.   Decided October 18, 1922.

Opinion Filed October 24, 1922.

ELECTIONS—*Neither County Chairman Nor County Court May Strike Names From List of Election Officers Selected by County Executive Committee.*

Under the provision of §7 of ch. 3 of the Code the county executive committee of either of the two political parties that cast the highest number of votes at the last preceding election is entitld to select election officers to represent that party in an election, and when it does so select such election officers and certifies the same to the county court for appointment, in accordance with the provisions of said section, and the persons so selected have all the qualifications required by law for election officers, neither the county chairman nor the county court has the right to strike from said list any of the names so selected by the county committee and substitute others of their choice therefor.

Mandamus by the State, on the relation of W. R. Wilson and others, against the County Court of Wayne County and others.

*Writ awarded.*

W. T. Lovins and A. A. Lilly, for relators.
C. W. Ferguson, for respondent.

92 W. Va.

Ritz, Judge:

By this proceeding the relators seek to compel respondents, members of the county court of Wayne county, to appoint certain persons as election officers to represent the Democratic party at an election to be held in said county on November 7th next.

The facts as developed upon the hearing are that the Democratic county committee of Wayne county, at a regular meeting called for the purpose, selected certain persons to represent that party as election officers at each of the precincts in said county. A list was made up of these persons and regularly certified by the chairman of the committee and the secretary thereof. It appears that the chairman of the committee took this list to the county court and he says that the county court objected to some of the people named on the list, and he thereupon struck them off and substituted others. The members of the county court say that he, in the presence of the court struck off some of the names on the list and substituted others. It is not very material which contention is correct. Under § 7 of ch. 3 of the Code the Democratic county executive committee had authority to recommend election officers to represent that party at each of the precincts in the county, and the duty devolved upon the county court to appoint the election officers so recommended, unless they were disqualified for some of the reasons prescribed by law. It is not contended here that any of the persons selected by the committee did not possess all of the qualifications required by law, or that they were in any way disqualified, but the county court simply contends that it was its duty to appoint the list presented to it by the chairman of the committee, notwithstanding it saw him mutilate and change the same without authority, and by the chairman that he had the right to change the same when the county court objected to certain of the names thereon. If it were shown that the parties whose names were stricken from this list were not qualified for any reason to be election officers, then there might be something in the contentions made. If, however, the county chairman can strike off some names and substi-

tute others, he could strike off all of them and substitute others. If, on the other hand the county court could, without any reason, object to some names on the list they could object to all and appoint an entirely new list without any reason therefor. We cannot accede to either of these contentions. The county executive committee represents the party in the county and it has the right under the law to name the persons who will represent the party at each of the election precincts on election day, and when that committee does name the representatives of its party it is the duty of those in whom is vested the power of appointment to appoint the parties so selected, unless for some reason the parties named, or some of them, do not possess the qualifications required.

It follows that the writ of mandamus prayed for will be awarded.

*Writ awarded.*