BRADFORD GAINER *et al., v.* COUNTY COURT OF CALHOUN
COUNTY *et al.*

(No. 8816)

Submitted July 21, 1938.   Decided July 23, 1938.

*Lorentz C. Hamilton,* for relators.

*Grover F. Hedges, Bruce Ferrell* and *Harper & Baker,*
for respondents.

KENNA, JUDGE:

In this mandamus proceeding the relators, Bradford
Gainer, A. P. Walker, Shirley McKown, Minnie L. Grimm,
Lena Snider and C. D. Haddox, seek to require the
County Court of Calhoun County to appoint a list of
Republican primary election officials to serve at the pri-

mary to be held on August 2, 1938, tendered and filed with it, by them as the Republican County Executive Committee of Calhoun County on the 11th day of July, 1938.

The petition alleges that on the 11th day of July, 1938, after a call which was signed by the six relators and by Emery Rogers, another member of the Republican county committee of Calhoun County, was served on all members of that committee, a meeting of the committee was held at which the list of election officials set forth in the petition was adopted by unanimous vote of those in attendance; that the list was prepared and properly signed by the six relators, constituting a majority of the Republican county committee composed of ten members, and on the 12th day of July, 1938, was presented to the session of the county court held on that day; that the county court, instead of adopting the list so submitted to it, proceeded to adopt a list of election officials submitted to it by five members who did not constitute a majority of the county committee.

The petition goes on to allege that at the called meeting of the committee held on the 11th day of July, 1938, the six relators and Emery Rogers, another member of the Republican county committee, some in person and some represented by proxy, met and adopted the list of primary election officials that was later tendered to and refused by the County Court of Calhoun County; and that it has been for many years the practice and custom of the committee to recognize and allow the use of proxies at all of its meetings.

The respondents, the County Court of Calhoun County and its three members, all filed answers to relators' petition. W. E. Stump and Lloyd Wright also filed a demurrer to the petition.

The separate answer of Walter C. Farrar, member and president of the county court, sets forth the fact that he approved the list filed with the county court by the relators, and in the session of the county court at which

the appointment of primary election officials was under consideration, that he voted for that list.

The county court and W. E. Stump and Lloyd Wright, the two remaining commissioners of the County Court of Calhoun County, filed a joint answer.

The five assigned grounds of demurrer to relators' petition having been carefully considered, the Court is of opinion that none of them is well taken, and that a discussion of those grounds is unnecessary for the purposes of this opinion.

The answer of respondents, the County Court of Calhoun County and Stump and Wright, a majority of the commissioners of that court, is exhaustive, but in our judgment fails to respond to the material allegations of relators' petition. It admits that the Republican County Executive Committee of Calhoun County is comprised of ten members; that the six relators are qualified members of that committee, denying only that Emery Rogers, one of the seven the petition alleges to have attended the meeting by proxy and signed the list of election officials adopted thereat on July 11, 1938, in fact did so; it fails to deny the practice of using proxies in the meetings of the Republican county committee; and alleges that the county court, not having had before it any other list than one signed by E. L. Hays, chairman, D. W. Wilson, vice-chairman, Holly F. Barr, secretary, Lyle S. Ayers, treasurer, and by five members of the Republican county committee (there being but five committee members who were signers) correctly performed its ministerial function in approving and appointing the primary election officials therein named. We cannot agree with this contention for the very apparent fact that the list last named at no time had the approval of a majority of the Republican County Executive Committee.

The answer of the county court alleges that there was no personal service of the call for the committee meeting of July 11th. There being no particular mode of serving that sort of notice prescribed, personal service is not necessary. Code, 56-2-1.

The use of proxies by a political committee may be established and approved by custom and usage. There is no legislative inhibition, and this Court held in the case of *State* v. *Wayne County Court,* 92 W. Va. 67, 114 S. E. 517, that even in a case where it was necessary in order to constitute *a quorum,* where the usage had long been established, an absent member of a political committee could be represented by proxy.

It therefore appears that the list filed with the county court by relators and signed by them constituted the only representation of the course taken by a majority of the Republican county committee of Calhoun County. This list should have been adopted and appointed by the County Court of Calhoun County. To say, as is contended by the respondents, that there can be no call of a county committee to hold a valid meeting except by the chairman, and that no list of election officials can be recommended by the county committee to the county court for appointment except as adopted at a meeting so held and so called, would vest in the chairman of a political county committee far more power than in our opinion is intended to be conferred upon him by Code, 3-4-15.

*Peremptory writ awarded.*