STATE *ex rel.* ABE FORSYTHE, CHAIRMAN OF THE DEMOCRATIC
EXECUTIVE COMMITTEE OF CABELL COUNTY, *et al., etc.*

*v.*

THE COUNTY COURT OF CABELL COUNTY,
WEST VIRGINIA, *etc., et al.*

(No. 10068).

Submitted April 22, 1948. Decided June 15, 1948.

RILEY, PRESIDENT, and FOX, JUDGE, not participating.

*Buford Tynes* and *Samuel Biern,* for relators.

*Okey P. Keadle,* for respondents.

HAYMOND, JUDGE:

In this original proceeding in mandamus, the petitioners, Abe Forsythe, Chairman of the Democratic Executive Committee of Cabell County, and that committee, seek a writ from this Court to require the defendants, the County Court of Cabell County, Artie Holley, president and a commissioner, and Frank Heiner, a commissioner, of that court, to meet and, at a proper session, to appoint certain persons, whose names appear upon lists contained in a writing presented to the county court by the petitioners, to serve as commissioners and poll clerks at the various voting precincts in that county at the primary election on May 11, 1948, and to remove from lists adopted by the court the names of certain persons appointed by it to serve as such at that time.

The petitioner, the Democratic Executive Committee of Cabell County, by its chairman, presented a writing to the county court in which it requested the court to appoint two designated persons as commissioners and one designated person as poll clerk for each board of election officers at each of the voting precincts in the county. The writing contained two sets or lists of persons recommended for appointment as commissioners and one set or list of persons recommended for appointment as poll clerks. The county court, at a session which began on April 13, 1948, and finally adjourned on April 17, 1948, refused to appoint one entire list of persons submitted by the committee for appointment as commissioners, but in lieu of that list appointed a complete list of commissioners selected by the court. It filled three vacancies which occurred in the list of poll clerks submitted by the committee and refused to consider or make the appointment of any persons to be designated and requested by the committee, before the final adjournment of the session, to fill those vacancies. It removed from the list of persons submitted and recommended for appointment as poll clerks by the committee the names of two persons and, from the other list of persons submitted and recommended by it for appointment as commissioners, the name

of one person, and filled the vacancies thus attempted to be made in such lists by the appointment of persons selected by the court. It also refused to remove from the list of persons selected and appointed by the court to serve as commissioners certain persons to whose appointment the petitioners objected on the ground that they were disqualified to act for the reason that each of them was at the time serving as a deputy of a public officer who was a candidate to be voted for at the primary election on May 11, 1948, or was ill and unable to serve as a commissioner at that election.

Following the foregoing action of the county court as shown by its order entered April 17, 1948, the petitioners instituted this proceeding in this Court on April 20, 1948. A rule, issued on that day, was returnable before this Court on April 22, 1948, at which time the defendants appeared and filed their written demurrer and their joint and several answer to the petition; and this proceeding was submitted for decision upon the petition, the answer of the defendants, the exhibits filed, and the oral arguments and the briefs in behalf of the respective parties.

The material facts are not disputed.

At a regularly called meeting of the Democratic Executive Committee of Cabell County; held April 8, 1948, the committee selected persons to act as election officers at the primary election to be held on May 11, 1948, and, in a writing, approved lists which contained the names of two persons to serve as commissioners and one person to serve as poll clerk for each board of election officers at each of the one hundred and thirty one voting precincts in the county. This writing, duly signed and certified by the chairman and the secretary of the committee in its behalf and accompanied by a copy of the minutes of the meeting and a letter from the chairman, was presented to the county court on April 12, 1948. The appointment of the persons included in the lists to serve in the designated positions as election officers was requested in the letter by the chairman in behalf of the committee and by him at sessions of the county court held on April 13,

1948, and on succeeding days until the adjournment on April 17, 1948.

Pursuant to the statute, Code, 1931, 3-4-15, as amended by Section 15, Article 4, Chapter 60, Acts of the Legislature of 1945, Regular Session, the county court, which was then composed of two commissioners due to a vacancy caused by the death of the third commissioner on April 6, 1948, met in special session on Tuesday, April 13, 1948, to consider the appointment of election officers for the primary election to be held on May 11, 1948. Though the lists were presented to the court at that time and the appointment of the persons named in them was urged in behalf of the committee the court refused to make any appointments at that session and, without acting upon the lists and, despite objections and insistence by the committee upon prompt action, adjourned the session, after a short meeting each day, until Saturday, April 17, 1948.

At the meeting on April 16, 1948, the county court indicated that at a session to be held on the following day, April 17, 1948, it would appoint all the election officers and, during the forenoon of April 16, 1948, it gave notice by telegram to the chairman of the committee that on April 17, 1948, at eleven o'clock in the forenoon, it would act upon the lists submitted by the committee. At that time, after announcing that it had employed special counsel to represent it in the place of the prosecuting attorney who was a candidate to be voted for in the primary, it presented by its counsel to the chairman and the counsel for the committee a copy of an order which had already been approved and signed and which, it was stated, would be entered immediately upon the adjournment of the session. In that inconsiderate manner the committee was informed of the action of the court with respect to the requested appointments. Upon receipt of the copy of the order the chairman of the committee and its counsel claimed for the committee the right to submit to the county court the names of duly qualified persons to serve as election officers in the place of three disqualified per-

sons on the lists presented by the committee, stated that before the end of the day the names of persons to be submitted for appointment to the vacancies due to the disqualifications of the persons originally recommended would be furnished to the county court, and requested it to grant the committee a reasonable time to submit the names of other persons in the place of the three who were disqualified. The court summarily refused the request and declined to continue the session beyond noon on Saturday, April 17, 1948, at which time it was finally adjourned.

These contentions were urged in the brief and upon the oral argument in behalf of the petitioners: (1) That the Democratic County Executive Committee, under the statute, Code, 1931, 3-4-15, as amended by Section 15, Article 4, Chapter 60, Acts of the Legislature of 1945, Regular Session, has the right to request and require the county court to appoint two persons to serve as commissioners and one person to serve as poll clerk on each board of election officers at each of the one hundred and thirty one voting precincts in Cabell County at the primary election to be held on May 11, 1948, as shown on the lists presented in its behalf; (2) that it also has the right, under the same statute, as amended, to present, during the session and before final adjournment, the names of persons to be appointed in the place of any disqualified persons on the list of poll clerks originally submitted to the court; (3) that it was entitled to the appointment by the court of all the qualified persons whose names appeared on the list of poll clerks and on one of the lists of commissioners, presented to the court, and that the court was without authority to transfer the names of three qualified persons from those lists and to place them upon a list of persons prepared by the court and appointed by it, and was likewise without authority to appoint other persons in the place of such qualified persons whose appointment was requested by the committee; and (4) that the county court does not have the right to include in the list of commissioners prepared and appointed by it six designated persons to whose appointment as commissioners

the petitioners objected on the ground that they were disqualified because each of them was either a deputy of a public officer of Cabell County who was a candidate to be voted for at the primary election to be held on May 11, 1948, or was ill and unable to serve as a commissioner at that election.

The manner of conducting general, special and primary elections in this State is regulated by statute and the power of the Legislature to deal with the subject of elections, except as restricted by the provisions of the Constitution of this State, or of the Constitution of the United States, is plenary. *Halstead* v. *Rader,* 27 W. Va. 806. For that reason the solution of the questions presented by the foregoing contentions of the petitioners calls for consideration of the applicable provisions of the statute, Code, 1931, 3-4-15, as amended by Section 15, Article 4, Chapter 60, Acts of the Legislature of 1945, Regular Session, and their operation and effect upon the matters involved in this proceeding. The pertinent provisions of the statute are expressed in these words:

"The county court of every county shall hold a regular or special session at the courthouse of the county on the second Tuesday of the month preceding that in which any primary election is to be held, and shall appoint for each precinct in the county three commissioners of election and two poll clerks, who shall be legal voters in the magisterial district in which such precinct is located. Such commissioners and poll clerks shall be persons of good standing and character and not addicted to drunkenness. They shall be selected from the two political parties which, at the last preceding general election, cast the highest and next highest number of votes in the county in which the election is to be held, and not more than two of such commissioners or one clerk shall belong to the same political party: * * *. If, at any time prior to or during such session, the county executive committee of either party from which such commissioners of election and poll clerks are to be selected or appointed, as herein provided, shall present to such court a writing signed by them, or by the chairman or secretary

of such committee on their behalf, requesting the appointment of a qualified voter of their political party, for commissioner and/or poll clerk, who is otherwise qualified to act as such under the provisions of this chapter, it shall be the duty of the county court to appoint the person so named in such writing as such commissioner and/or poll clerk. No person shall be eligible to appointment as commissioner or poll clerk, or in any way to act as such, who has anything of value bet or wagered on the result of such primary election, or has received a promise, agreement or understanding that he is to receive appointment as deputy by any candidate to be voted for at such primary election, or has any agreement, understanding or arrangement that he shall receive any sum of money or any portion of the salary, fees or emoluments of any office, for which any candidate is to be voted for at such primary election, should such candidate be nominated at such primary election and elected to such office at the ensuing general election, or who is a candidate to be voted for at such primary election."

To the first contention, that the Democratic County Executive Committee is entitled to request the appointment by the county court of two persons designated by the committee as commissioners for each board of election officers at each of the voting precincts in the county, the clear and explicit language of the quoted portion of the statute gives the answer. The statute provides that at the session which it is required to hold, the county court shall appoint for each precinct in the county three commissioners of election and two poll clerks for any primary election, who shall be legal voters in the magisterial district in which the precinct is located. This language confers upon the court the power to make those appointments of qualified persons in the first instance. This power is restricted or limited only by the provision which appears later in the same section that if, prior to or during the session, the county executive committee of either of the two eligible political parties from which commissioners of election and poll clerks are to be selected or appointed, shall present to the county court a writing

signed in the manner required, requesting the° appointment of a qualified voter of such political party for commissioner and poll clerk, who is otherwise qualified to act as such, it shall be the duty of the court to appoint the person so named as such commissioner and poll clerk.

The statute speaks of the appointment of a qualified voter as commissioner and poll clerk. It does not say commissioners and poll clerks, but commissioner and poll clerk. If the Legislature had intended to confer upon the county executive committee of either of the two political parties which cast the highest and the next highest number of votes at the last preceding general election the right to request the appointment of two commissioners for each board of election officers at each precinct, it could, and undoubtedly would, have made that intention clear by the use of appropriate language. The applicable words of the statute are singular, not plural, in number and effect, and they confer upon the county executive committee of each of the two eligible political parties the authority to request the appointment by the court of only one designated person as commissioner and one designated person as poll clerk for each board of election officers. There being no limitation by the statute of the power of the county court to appoint a qualified person as the third or additional commissioner for each board of election officers, its authority to do so is effective. For this reason the County Court of Cabell County had the right to appoint one commissioner, of its own selection, to serve on each board of election officers at each of the voting precincts in that county, and its action in that respect will not be disturbed.

The contention of the petitioners that the county executive committee had the right to request the county court to appoint persons to be designated by the committee during the session to fill the three vacancies caused by the disqualification of the persons originally designated by it· is not sound. The right of the committee, under the statute, to request the appointment of the persons designated or recommended by it, is conditioned upon its

compliance with the requirements of the statute in presenting the writing mentioned in it. The statute requires that the person whose appointment is requested must be qualified to serve, as a commissioner or a poll clerk. Failure to comply with that requirement nullifies the right to obtain the requested appointment. The statute expressly disqualifies, from serving as a commissioner or a poll clerk at a voting precinct in any primary election, any person who is not a legal voter in the magisterial district in which such precinct is located or who is a candidate to be voted for at such primary election. The petitioners concede that each of the three persons, whose appointment as poll.clerk was requested in the writing presented by the county executive committee, was disqualified from serving. Two of them were candidates to be voted for at the primary election on May 11, 1948, and the third was a resident of a magisterial district other than the one for which his appointment was requested.

The responsibility for the eligibility of the persons recommended for appointment rests upon the committee, and if it would exercise its statutory right to obtain its requested appointment of the persons recommended by it to the county court the committee must designate, in the first instance and in the manner specified in the statute, persons who are qualified to serve as election officers. Though a county executive committee, after having designated persons for appointment as commissioners and poll clerks to represent its political party in a primary election, pursuant to the power conferred upon it by statute and before the designations made by it have been acted on by the county court, may revoke or rescind them, and make others which the court must accept, yet if the list so made and presented is unauthorized, in whole or in part, the county court may make its own selections from members of the party to the extent that the designations made by the committee are unauthorized. See *Franklin* v. *The County Court of McDowell County*, 86 W. Va. 479, 103 S. E. 330.

The failure of the committee to recommend qualified persons, as to the three designated persons who were dis-

qualified, deprived it of its right, under the statute, to obtain their appointment by the county court and, having lost that right, it can not, after presenting a writing containing their names, demand postponement or prolongation of the session to make other designations and, by such action, regain and exercise the right to request the appointment of other qualified persons to be selected by it to serve in the place and stead of disqualified persons. The recognition of any such right in the committee would necessarily cause delay in a situation in which prompt action is essential and in which delay should not be permitted or encouraged. The power of appointment of the county court, under the statute, not· being subject to any right of the executive committee to request the appointment of persons to fill the vacancies caused by the disqualification of the persons designated in the writing presented by the committee, was effective without restriction. The exercise of that power by the county court in appointing qualified persons selected by it to serve in the place of the three disqualified persons named by the committee was valid and fully justified. *Franklin* v. *The County Court of McDowell County*, 86 W. Va. 479, 103 S. E. 330. If the county executive committee of either of the two eligible political parties can present its written request for the appointment of election officers in incomplete form by reason of the designation of one or more disqualified persons or in installments and at different times before the end of the session at which the county court is required to make the appointment of the election officers to serve at any primary election and prolong such session to enable it to make such selection, it could, by acting in that manner, postpone indefinitely or until after the day fixed by law for the holding of such primary election the completion of the appointments in their entirety and by that means defeat the manifest purpose of the statute. Opportunity to engage in such course of conduct can not be given judicial sanction.

The third contention of the petitioners is that the County Court of Cabell County was without authority to refuse to appoint three qualified persons, the appoint-

ment of two of whom as poll clerks and the other of whom as a commissioner the committee requested and designated as such on its list of poll clerks and on one of its lists of commissioners, or to transfer them from such lists and place them upon the list of persons selected and appointed as commissioners by the county court, or to fill the vacancies thus attempted to be created in the lists submitted by the county executive committee by the appointment of persons selected by the court. This contention is well founded. The statute states that if the county executive committee of the eligible political party, in the manner specified, requests the appointment of a qualified voter of such political party for commissioner and poll clerk, who is otherwise qualified, under its provisions, to act as such, it shall be the duty of the county court to appoint the person named as such commissioner. and poll clerk. The two persons named in the list of poll clerks and the other person named in one of the lists of commissioners embraced in the writing presented by the committee were duly qualified to act as poll clerks and as commissioner. With respect to them the committee satisfied the provision of the statute. The provision is mandatory and when the county executive committee has complied with its requirements it is entitled, upon failure or refusal by the county court to make the requested appointment, to a writ of mandamus to compel the county court to make the requested appointment of the persons designated. *Gainer* v. *County Court of Calhoun County,* 120 W. Va. 409, 199 S. E. 878; *State ex rel. Wilson* v. *County Court of Wayne County,* 92 W. Va. 71, 114 S. E. 509; *Franklin* v. *The County Court of McDowell County,* 86 W. Va. 479, 103 S. E. 330.

In the opinion in the *County Court of Wayne County* case, in considering a similar statute dealing with the appointment of persons as election officers to serve at a general election, this Court said: "The county executive committee represents the party in the county and it has the right under the law to name the persons who will represent the party at each of the election precincts on election day, and when that committee does name the

representatives of its party it is the duty of those in whom is vested the power of appointment to appoint the parties so selected, unless for some reason the parties named, or some of them, do not possess the qualifications required." The county court did not have the authority to transfer the three qualified persons from the lists submitted by the committee, or to appoint other persons selected by the court in their place and stead.

The fourth and final contention of the petitioners, that the county court did not have the right to appoint six persons designated on the list prepared by it to serve as commissioners at the primary election to be held on May 11, 1948, for the assigned reason that such persons were disqualified to act in that capacity, is devoid of merit. As stated earlier in this opinion, the county court has the right, under the statute, to appoint one qualified person of its own selection to act as commissioner for each board of election officers at each precinct in the county. The objection to the appointment of six of the persons so selected by the court is that they are either deputies of a public officer who was a candidate to be voted for at the primary election or ill and physically unable to serve then as a commissioner of election. Neither of these stated conditions constitutes a ground of disqualification. The grounds which disqualify a person for appointment as an election officer at a primary election are expressly stated in the statute. Illness is not one of those grounds. Nor is the mere status of deputy of a public officer who is a candidate to be voted for at the primary election a cause for disqualification. The only disqualification, with respect to a deputy, mentioned in the statute, is the existence of a promise, an agreement or an understanding made to any person to be appointed as an election officer that he is to receive appointment as deputy by any candidate to be voted for at the primary election, or the existence of any agreement, understanding or arrangement that he shall receive any sum of money or any portion of the salary, fees or emoluments of any office for which any candidate is to be voted for at such election, if such can-

didate is nominated at the primary election and elected to the office at the ensuing general election.

There is no showing or indication that any promise, agreement, arrangement or undertaking of the kind mentioned in the statute exists or will exist on the part of any of the persons appointed by the county court to serve as commissioners at the primary election. In the absence of such showing no disqualification of any of them is established. It is not unlikely that the appointees who, when appointed, were deputies of a candidate to be voted for at the primary election, will, at or before the expiration of the present term of office of such candidate, cease to occupy that status. At any rate, the present existence of that position, of itself and without any further showing, offers no assurance that it will be continued or renewed after the expiration of the current term of office of the principal and, accordingly, it does not constitute a disqualification of the person occupying that status for appointment as a commissioner to act as such at the primary election.

On April 24, 1948, seventeen days before May 11, 1948, the day fixed by law for the holding of the 1948 primary election, this Court awarded a writ of mandamus which required the defendants, the County Court of Cabell County and the commissioners of that court, forthwith to reconvene and hold a session and at such session to modify and set aside the order of the court entered April 17, 1948, to the extent that such order transferred from the writing presented to the court by the county executive committee the three qualified persons designated in such writing and appointed those persons as commissioners on the list of persons selected and appointed as commissioners by the court to serve at the primary election and appointed three persons selected by the court to serve as poll clerks and as commissioner in their place and stead, and to restore, by proper order, the three qualified persons designated by the committee to the list contained in the writing presented to the court by the committee and to appoint them to the positions to which their appointment

was requested in such writing. This opinion has been prepared and is announced for the purpose of stating the reasons which prompted this Court to grant the writ.

*Writ awarded.*