STATE OF WEST VIRGINIA *ex rel.* CLAY BULLARD, *et al,*
MEMBERS OF THE CLAY COUNTY DEMOCRATIC EXECUTIVE
COMMITTEE

v.

COUNTY COURT OF CLAY COUNTY, *et al.*

(No. 10820)

Submitted April 19, 1956.      Decided May 1, 1956.

*Henry McLane,* for relators.

*E. L. Eakle,* for respondents.

HAYMOND, JUDGE:

This is an original proceeding in mandamus instituted in this Court April 11, 1956, in which the petitioner, State of West Virginia at the relation of Clay Bullard, Estell Boggs, Emma Reedy, W. S. Sizemore, Sarah Bragg, Jenner Gibson, Ernie Legg and Kenneth Sizemore, citizens and residents of Clay County and members of the Clay County Democratic Executive Committee, seeks a writ to require the defendants, the County Court of Clay County, C. N. Ashley, President, Andy Starcher and Levy D. Friend, Commissioners, and Paul Pierson, Clerk, of that court, to meet forthwith in special session and to appoint as election officers, to serve as such at the primary election to be held on May 8, 1956, the persons named on a list adopted and presented by the committee as such election officers in Otter District, one of the five magisterial districts of the county, instead of the persons named to serve as election officers for that district on a list presented by O. W. Starcher, a member of the committee, and Ray J. Noe, the holder of a proxy

for another member of the committee from Otter District. The county court, at its session on April 3, 1956, appointed the poll clerk and the two commissioners on the list submitted by the committee to serve as such for each of the boards of election officers in each of the voting precints in four of the five magisterial districts of the county. As to Otter District, the remaining magisterial district of the county, however, the court rejected the list of persons named by the committee, except a commissioner at two of the four voting precincts in that district, and appointed the persons named on the list submitted by Starcher and Noe which, other than the two commissioners referred to, contained the names of persons different from those on the list submitted by the committee. It is conceded by all the parties to this proceeding that each of the persons named in each list is qualified to serve as an election officer at the primary election.

Upon the petition this Court issued a rule returnable April 18, 1956, and on that day this proceeding was submitted for decision upon the petition, the answer of the defendants, a stipulation setting forth certain facts agreed to by the parties, certified copies of the lists submitted by the committee and by Starcher and Noe, a certified copy of the order of the county court appointing the Democratic election officers entered April 3, 1956, a copy of the minutes of the meeting of the committee held March 31, 1956, the affidavits of seven persons, and the written briefs filed and the oral arguments of the attorneys presented in behalf of the respective parties to this proceeding.

Pursuant to the call of the Chairman of the Democratic Executive Committee of Clay County, a meeting of the committee, which consisted of ten members, was held on March 31, 1956. At this meeting five members were present in person and four members were represented by proxies which were recognized as valid and the validity of which is not questioned by any party to this proceeding. The practice of members of a commit-

tee of a political party in designating or appointing proxies to represent them may be established and approved by recognized custom and usage and, even if necessary to constitute a quorum, an absent member may be represented by a proper proxy. *Gainer* v. *County Court of Calhoun County,* 120 W. Va. 409, 199 S. E. 878; *State ex rel. Bailey* v. *County Court of Wayne County,* 92 W. Va. 67, 114 S. E. 517.

The minutes of the meeting show that, upon a roll call of the members, five members were present in person, four members were present and representd by proper proxy, and one member was absent; that, a quorum being present, the chairman, who is not a member of the committee, declared the meeting duly organized for the transaction of business relating to selection and recommendation for appointment by the county court of Democratic election officers to serve at the forthcoming primary election; that Clay Bullard, a member of the committee, then presented a written list of qualified persons to serve as such officers at each of the voting precincts in the county at such primary election; that the list designated one person to serve as receiving clerk and two persons to serve as receiving commissioners, one person to serve as counting clerk and two persons to serve as counting commissioners at each of four voting precincts and one person to serve as clerk and two persons to serve as commissioners at each of the other voting precincts in the county; that on motion made and seconded and passed by a vote of seven to two the list was adopted and approved and the chairman was directed to submit the list to the county court at or before its meeting on April 3, 1956, for the appointment of the persons designated on it as election officers for the primary election; that Noe then made a motion, seconded by Starcher that "Otter District's list be accepted"; that no list of names was presented or read in connection with the motion; that the motion was defeated by a vote of seven to two; and that on motion made and seconded and passed by unanimous vote the meeting adjourned.

There are some conflicting statements in the various affidavits but the affidavits as a whole show that the names of the persons selected by the majority of the members of the committee, though not read or announced at the meeting, were listed on different sheets of paper; that the names of those persons were placed upon a formal list prepared by the chairman and the secretary immediately after the meeting adjourned; that the list so prepared by them was delivered by the chairman to a deputy clerk in the office of the clerk of the county court on the morning of April 3, 1956, before the court met on that day; that neither Noe nor Starcher nor any other member, during the meeting of the committee, made any inquiry concerning the names of the persons listed by the committee, or requested that the names of such persons be read or announced; and that no list of names was submitted by Noe at the meeting of the committee. Though Noe and Starcher each submitted an affidavit there is no statement in either affidavit that either Noe or Starcher requested that the names of the persons selected by the committee should be read or announced.

The stipulation of agreed facts, the certified copies of the two lists and the order entered by the county court on April 3, 1956 also show that the two lists were presented to the county court at its meeting; that after some discussion the court, by a vote of two to one, appointed the persons designated on the list submitted in behalf of the committee to serve as clerks and as commissioners at each of the voting precincts in four of the five magisterial districts, and one person designated to serve as commissioner in each of two voting precincts in Otter District, the other magisterial district, of Clay County; refused to appoint the other persons designated by the committee to serve as election officers in Otter District; and appointed the persons designated on the list prepared and presented by Starcher and Noe which, except the two commissioners appointed from the list prepared by the committee, designated persons other than those named in that list.

In support of the action of the county court in refusing to appoint the persons designated on the list submitted by the committee to serve as election officers at the four voting precincts in Otter District, except one of the persons designated as a commissioner at each of two precincts in that district and in appointing instead the persons designated on the list submitted by Starcher and Noe, which contained the name of one person to serve as poll clerk and the names of two persons to serve as commissioners at each of the four voting precincts in Otter District and which also contained the names of the two persons who were appointed as one of the commissioners at two of the voting precincts in that district, the defendants contend that the list submitted by the committee was unauthorized and invalid because the identity of the persons designated by the committee was not revealed at the meeting on March 31, 1956, or made known to Starcher and Noe, and because the list submitted by the committee designated two commissioners instead of one commissioner to serve in that capacity on each board of election officers at each of the voting precincts in the county. There is no merit in either contention.

The pertinent provisions of Section 15, Article 4, Chapter 3, Code, 1931, as amended by Section 15, Article 4, Chapter 62, Acts of the Legislature, 1955, Regular Session, relating to the appointment of commissioners and poll clerks to serve as such at any primary election are expressed in this language:

"The county court of every county shall hold a regular or special session at the courthouse of the county on the fifth Tuesday preceding the day on which any primary election is to be held, and shall appoint for each precinct in the county three commissioners of election and two poll clerks, who shall be legal voters in the magisterial district in which such precinct is located. Such commissioners and poll clerks shall be persons of good standing and character and not addicted to drunkenness. They shall be selected from the two political parties which, at the last preceding general election, cast the highest and

next highest number of votes in the county in which the election is to be held, and not more than two of such commissioners or one clerk shall belong to the same political party: *Provided, however,* That for every precinct in which there are three hundred but not more than four hundred registered voters, there may be two boards of election officers, and for all precincts in which there are more than four hundred registered voters, there shall be two boards of election officers, and where two boards are used, each board shall consist of three election commissioners and two poll clerks, one of which boards shall be designated the 'receiving board' and the other the 'counting board,' and not more than two commissioners and one poll clerk of each board shall be appointed from the same political party. If, at any time prior to or during such session, the county executive committee of either political party from which such commissioners of election and poll clerks are to be selected or appointed, as herein provided, shall present to such court a writing signed by them, or by the chairman or secretary of such committee on their behalf, requesting the appointment of a qualified voter of their political party, for commissioner and/or poll clerk, who is otherwise qualified to act as such under the provisions of this chapter, it shall be the duty of the county court to appoint the person so named in such writing as such commissioner and/or poll clerk."

By the foregoing statutory provisions the county court of every county is authorized and empowered to appoint, subject to certain stated limitations and restrictions, all commissioners and poll clerks to serve as such at each voting precinct in the county at any primary election in such county; but if the county executive committee of an eligible political party complies with the applicable provisions of the statute in presenting to the county court of any county a writing signed by the committee or by its chairman or secretary in its behalf requesting the appointment of a qualified voter of such party, who is otherwise qualified to serve as an election officer, for one commissioner and one poll clerk for each board of elec-

tion officers at each voting precinct in the county at a primary election, it is the duty of the county court to make the requested appointment of each of such persons and the county court may not shift such person from commissioner to poll clerk or from poll clerk to commissoiner, or transfer them to a separate list of election officers selected and appointed by the county court, or select and appoint any other persons to serve in the place and stead of the persons designated by the committee; and mandamus lies to compel the county court to appoint the persons designated by the committee. *State ex rel. Forsythe* v. *The County Court of Cabell County,* 131 W. Va. 570, 48 S. E. 2d 412; *Gainer* v. *County Court of Calhoun County,* 120 W. Va. 409, 199 S. E. 878; *State ex rel. Wilson* v. *County Court of Wayne County,* 92 W. Va. 71, 114 S. E. 509; *Franklin* v. *The County Court of McDowell County,* 86 W. Va. 479, 103 S. E. 330.

Though the list of persons presented to the county court in behalf of the committee designated two commissioners instead of one commissioner for each board of election officers at each voting precinct in the county and though the committee was entitled to designate only one such commissioner, its designation of the additional commissioner for each voting precinct did not vitiate the list. Neither did the failure to disclose or make known the identity of the persons selected and designated by the committee at its meeting on March 31, 1956, in the absence of any request by Starcher, Noe, or any other member, for that information, render the list invalid. It is reasonable to assume, and it is presumed, that the seven members of the committee, present in person or represented by proxy, who voted for the adoption of the list knew the identity of the persons whose names were designated on the sheets of paper exhibited or possessed by Bullard when he moved the adoption of their selection. The proof shows that the names of the persons selected by the majority vote of the committee at the meeting are the identical persons designated on the formal list which was prepared by the chairman and the sec-

retary in behalf of the committee immediately after the meeting adjourned and which was duly presented to the county court at its session on April 3, 1956.

It was the duty of the county court to appoint a poll clerk and one commissioner at each of the voting precincts in the county from the list so presented to it in behalf of the committee. To the extent that it appointed a poll clerk and one commissioner to the board of election officers at each of the voting precincts in the four magisterial districts in the county other than Otter District and one commissioner at each of two voting precincts in that district, from the list of persons designated and selected by the committee, the county court performed its duty under the statute; but in refusing to appoint as a poll clerk the person designated as such at each of the four voting precincts in Otter District and in refusing to appoint one person designated as a commissioner at two of the voting precincts in that district, from the list presented in behalf of the committee, the county court failed to discharge its statutory duty.

As previously indicated, under Section 15, Article 4, Chapter 3, Code, 1931, as amended by Section 15, Article 4, Chapter 62, Acts of the Legislature, 1955, Regular Session, the county court of every county has the power to appoint commissioners and poll clerks to serve as such at any primary election in such county and, notwithstanding a valid request of the county executive committee of each of the two eligible political parties for the appointment of a commissioner and a poll clerk, designated by such committee, for each board of election officers at each voting precinct in the county, which request, upon compliance by such committee with the requirements of the statute the county court must grant, the county court may appoint one qualified person of its own selection to serve as a commissioner for each of such boards of election officers. In appointing one additional commissioner for each of the boards of election officers at each of the voting precincts in the four magisterial

districts, except Otter District, from the list designated by the committee, the county court exercised its right to appoint, of its own selection, one additional commissioner for each board of election officers at each of those precincts, and its action in making such appointments will not be disturbed. *State ex rel. Forsythe* v. *The County Court of Cabell County*, 131 W. Va. 570, 48 S. E. 2d 412. The county court, however, did not have the right to appoint, as persons selected by Starcher and Noe, any person designated on the unauthorized and invalid list presented by them as a poll clerk or a commissioner to the exclusion of any person selected and designated as a poll clerk by the committee, or one of the persons selected and designated by the committee as a commissioner, at each of the voting precincts in Otter District. That action of the county court was unauthorized and invalid and the county court will be required to appoint the person designated by the committee as a poll clerk at each of the four voting precincts and one of the persons designated by the committee as a commissioner at each of the two voting precincts in that district for which the county court refused to appoint any of the persons designated by the committee to serve as a commissioner.

As the county court has the power to appoint one commissioner of its own selection to serve as such for each board of election officers, at each voting precinct in the county at any primary election, even though the county executive committee of each of the two eligible political parties complies with the statute in requesting the appointment of one poll clerk and one commissioner for each of such boards of election, the County Court of Clay County may, of course, appoint a duly qualified person of its own selection to serve as one of the commissioners for each of the boards of election officers at each of the four voting precincts in Otter District in that county. *State ex rel. Forsythe* v. *The County Court of Cabell County*, 131 W. Va. 570, 48 S. E. 2d 412; *Franklin* v. *The County Court of McDowell County*, 86 W. Va. 479, 103 S. E. 330.

For the reasons stated a writ is awarded by this Court by which the defendants the County Court of Clay County, C. N. Ashley, President, and Andy Starcher and Levy D. Friend, Commissioners, are required forthwith to convene in special session and to appoint as a poll clerk at each of the four voting precincts in Otter District in that county each of the persons designated as such by the committee and to appoint as a commissioner one of the persons designated as such by the committee at each of the two voting precincts in that district, being Precinct No. 24, Nebo, and Precinct No. 25, Gould, for which the county court refused to appoint any of the persons designated by the committee to serve as a commissioner.

*Writ awarded.*