STATE *ex rel.* DONALD EVANS, *et al.*

*v.*

GRANT KENNEDY, *et al.*

(No. 12030)

Submitted May 2, 1960.        Decided May 4, 1960.

*John F. Bronson,* for relators.

*Martin C. Bowles, Leonard H. Higgins,* for respondents.

HAYMOND, JUDGE:

In this original proceeding in mandamus instituted in this Court on April 18, 1960, the petitioners, Donald Evans, Della Wellman and Ivan Napier, seek a writ of mandamus to compel the defendants, Grant Kennedy, W. A. Myers and James R. Farley, members of the County Court of Mingo County, West Virginia, to reconvene in special meeting and to reject a list of persons whose appointment as election commissioners and poll clerks for the primary election to be held on May 10, 1960, had been requested by the chairman of the Mingo County Democratic Executive Committee and in lieu of the appointment of the persons named in such list to appoint persons selected by the county court to serve as such election commissioners and poll clerks or, in the alternative, to compel the defendants to reconvene in special meeting and ascertain and determine whether the certificate of the chairman of the Mingo County Democratic Executive Committee reflected the action of such committee.

The petitioners Donald Evans and Della Wellman are members of the executive committee and the petitioner Ivan Napier was a candidate for member of the board of education of Mingo County at the primary election on May 10, 1960.

To the petition the defendant Grant Kennedy filed his demurrer and his separate answer, with which were filed certain exhibits; and Morrie Blair and ten other members of the Mingo County Democratic Executive Committee filed their petition, in which they asked permission to intervene and be made parties defendant in this proceeding.

On May 2, 1960, this proceeding was submitted for decision upon the foregoing pleadings, a stipulation

agreed to by the respective parties, affidavits filed in behalf of the petitioners and affidavits filed by the defendant Grant Kennedy in behalf of the defendants, and the oral arguments and the briefs of the attorneys in behalf of the respective parties.

By order entered May 4, 1960, this Court held that the petitioners were not entitled to a writ of mandamus as prayed for and refused to award such writ and that, under the facts and circumstances disclosed by the pleadings filed and the evidence introduced, Morrie Blair and the ten other members of the Mingo County Democratic Executive Committee were not entitled to intervene and be made parties to this proceeding. This opinion has been prepared and is now announced for the purpose of stating the reasons which prompted this Court to deny the writ sought by the petitioners.

The petitioners base their right to a writ of mandamus in this proceeding on the ground, alleged in the petition, that at a meeting of the Mingo County Democratic Executive Committee held on April 2, 1960, for the purpose of selecting persons to serve as commissioners and poll clerks at the primary election to be held on May 10, 1960, at which meeting, according to the stipulation, a quorum of the committee was present, the list of such persons presented to the county court at its meeting on April 5, 1960, which was the fifth Tuesday preceding the day on which the primary election was to be held, was not prepared or approved by the executive committee but was prepared by its chairman by virtue of the authority delegated to him by the committee to prepare such list.

Section 15, Article 4, Chapter 3, Code, 1931, as amended, provides to the extent here pertinent that "The county court of every county shall hold a regular or special session at the courthouse of the county on the fifth Tuesday preceding the day on which any primary election is to be held, and shall appoint for each precinct in the county three commissioners of

election and two poll clerks, who shall be legal voters in the magisterial district in which such precinct is located. * * *. They shall be selected from the two political parties which, at the last preceding general election, cast the highest and next highest number of votes in the county in which the election is to be held, and not more than two of such commissioners and one clerk shall belong to the same political party: * * *. If, at any time prior to or during such session, the county executive committee of either political party from which such commissioners of election and poll clerks are to be selected or appointed, as herein provided, shall present to such court a writing signed by them, or by the chairman or secretary of such committee on their behalf, requesting the appointment of a qualified voter of their political party, for commissioner and/or poll clerk, who is otherwise qualified to act as such under the provisions of this chapter, it shall be the duty of the county court to appoint the person so named in such writing as such commissioner and/or poll clerk. * * *.''

Under the foregoing provisions of the statute the county court of every county is authorized and empowered to appoint, subject to certain stated limitations and restrictions, all commissioners and poll clerks to serve as such at each voting precinct in the county at any primary election in such county; but if the county executive committee of an eligible political party complies with the applicable provisions of the statute in presenting to the county court of any county a writing signed by the committee or by its chairman or secretary in its behalf requesting the appointment of a qualified voter of such party, who is otherwise qualified to serve as an election officer, for one commissioner and one poll clerk for each board of election officers at each voting precinct in the county at a primary election, it is the duty of the county court to make the requested appointment of each of such persons; and mandamus lies to compel the county court to appoint the persons designated

by the executive committee. *State ex rel. Bullard v. County Court of Clay County,* 141 W. Va. 675, 92 S. E. 2d 452; *State ex rel. Bell v. The County Court of Clay County,* 141 W. Va. 685, 92 S. E. 2d 449; *State ex rel. Forsythe v. The County Court of Cabell County,* 131 W. Va. 570, 48 S. E. 2d 412; *Gainer v. County Court of Calhoun County,* 120 W. Va. 409, 199 S. E. 878; *State ex rel. Wilson v. County Court of Wayne County,* 92 W. Va. 71, 114 S. E. 509; *Franklin v. County Court of McDowell County,* 86 W. Va. 479, 103 S. E. 330. If, however, the county executive committee of a political party fails to comply with the provisions of the statute in presenting to the county court a writing requesting the appointment of qualified persons to serve as a commissioner and a poll clerk for each board of election officers at each voting precinct in the county at a primary election, the county court is not required to accept such list or to appoint the persons designated in it but instead may appoint qualified persons of its own selection to serve as such election officers. *State ex rel. Bullard v. County Court of Clay County,* 141 W. Va. 675, 92 S. E. 2d 452; *State ex rel. Forsythe v. The County Court of Cabell County,* 131 W. Va. 570, 48 S. E. 2d 412; *State ex rel. Robertson v. The County Court of Kanawha County,* 131 W. Va. 521, 48 S. E. 2d 345. The county executive committee of a political party may not delegate the right conferred upon such committee by the provisions of Section 15, Article 4, Chapter 3, Code, 1931, as amended; and a list of election officers prepared by the chairman, by virtue of authority attempted to be delegated to him by the committee, does not satisfy the requirements of the statute and the county court can not be compelled to appoint the persons designated in such list. *State ex rel. Robertson v. The County Court of Kanawha County,* 131 W. Va. 521, 48 S. E. 2d 345; *Gainer v. County Court of Calhoun County,* 120 W. Va. 409, 199 S. E. 878; *Brawley v. The County Court of Kanawha County,* 117 W. Va. 421, 187 S. E. 328; *State ex rel. Wilson v. County Court of Wayne County,* 92 W. Va. 71, 114 S. E. 509; *State ex rel. Bailey v. County*

*Court of Wayne County,* 92 W. Va. 67, 114 S. E. 517; *Franklin v. County Court of McDowell County,* 86 W. Va. 479, 103 S. E. 330.

The charge of the petitioners that the list submitted by the chairman of the executive committee was the list prepared by the chairman and not the list prepared and approved by the executive committee is denied by the answer of the defendant Kennedy and the proof, in the form of affidavits, among which are the affidavits of eleven members of the executive committee who attended the meeting at which the selection of the commissioners and poll clerks to serve at the primary election was considered, shows by a clear preponderance that the list submitted by the chairman was prepared and approved by the executive committee and represented its action at that meeting.

As the list submitted to the county court at its meeting on April 5, 1960, by the chairman of the executive committee was in fact prepared by the executive committee and represented its action, even though the county court made a finding that the list was that of the chairman instead of that of the committee, and as the qualifications of the persons designated to serve as election officers are not questioned, it was the duty of the county court to accept the list, which it did, as shown by its orders, copies of which are filed with the stipulation of the parties, and to appoint the persons designated as commissioners and poll clerks to serve as such at the primary election, and its action in so appointing such persons and in publishing a list of the persons appointed to serve as commissioners and poll clerks at the primary election, which included the persons named in the list submitted by the chairman of the executive committee, was in all respects correct and proper and should not have been, and was not, disturbed by this Court. But even if the list submitted to the county court by the chairman of the executive committee had been prepared by him instead of having been prepared and approved by the committee, the county court was em-

powered to appoint and would have been justified in appointing the persons designated in the list as persons of its own selection to serve as commissioners and poll clerks at such election. For these reasons this Court refused, by its order of May 4, 1960, to grant the writ sought by the petitioners in this proceeding.

This Court in many cases has held that he who seeks relief by mandamus must show a clear legal right to the remedy. *Hockman v. The County Court of Tucker County,* 138 W. Va. 132, 75 S. E. 2d 82; *State ex rel. Koontz v. The Board of Park Commissioners of the City of Huntington,* 131 W. Va. 417, 47 S. E. 2d 689; *State ex rel. Goloversic v. Arnold,* 128 W. Va. 272, 36 S. E. 2d 209; *Childers v. State Road Commissioner,* 124 W. Va. 233, 19 S. E. 2d 611; *Ebbert v. Bouchelle,* 123 W. Va. 265, 14 S. E. 2d 614; *Brumfield v. Board of Education,* 121 W. Va. 725, 6 S. E. 2d 238; *Rusinko v. Shipman,* 111 W. Va. 402, 162 S. E. 316; *Antonovich v. State Compensation Commissioner,* 110 W. Va. 273, 157 S. E. 591; *State ex rel. Woodyard Publications v. County Court of Hardy County,* 108 W. Va. 166, 150 S. E. 512; *State ex rel. Goshorn v. Johnson,* 102 W. Va. 629, 135 S. E. 899. The petitioners have not satisfied that requirement in this proceeding.

As a general rule any person having an interest in the subject matter or whose right or interest will be affected by the judgment awarding the writ, may intervene in a mandamus proceeding. There must, however, be a proper showing of substantial interest in the subject matter to authorize an intervention and a person on whom rests no duty to perform the act sought to be enforced in the mandamus proceeding, or who has no substantial and peculiar interest in the subject matter of the litigation, or whose interest will not be affected by a judgment awarding the writ can not intervene as a party. 55 C.J.S., Mandamus, Section 254c. Whether intervention should be granted or refused is within the sound discretion of the court. 55 C.J.S., Mandamus, Section 254c. See *Willett v.*

*Jordon,* 1 Cal. 2d 461, 35 P. 2d 1025; *State v. District Court of Thirteenth Judicial District in and for Carbon County,* 75 Mont. 132, 242 P. 431; *Cortellini v. City of Niagara Falls,* 14 N.Y.S. 2d 910, 258 App. Div. 778. The only proper parties to a mandamus proceeding are the petitioner or petitioners claiming to be interested in the performance of the duty and the party upon whom the duty is imposed by law, and it is inconsistent with the nature of the remedy to bring in as defendants parties only collaterally or incidentally interested in the subject matter of the controversy, *State ex rel. Scott v. Smith,* 7 S. C. 275. In *State ex rel. Thompson v. Fry,* 137 W. Va. 321, 71 S. E. 2d 449, in refusing to permit a candidate in a primary election to intervene as a party to a mandamus proceeding to require two members of a county court who were ex officio members of a board of canvassers and the county clerk to return certain primary election records to the precinct election officers to enable them to certify the result of the election in their precinct, this Court held in point 1 of the syllabus that "A person who is under no duty to perform an act sought to be enforced in a proceeding in mandamus, who has no substantial and peculiar interest in the subject matter of the litigation, or whose interest will not be affected by a judgment awarding the writ, may not intervene as a defendant in such proceeding." In the opinion this Court said:

"Though the granting or the refusal of a request to intervene in a proceeding in mandamus is within the sound discretion of the court, there must be a proper showing of substantial interest in the subject matter of the litigation in order to authorize an intervention. 'An individual or a corporation on whom no duty rests to perform the act sought to be enforced in mandamus proceedings, or who has no substantial and peculiar interest in the subject matter of the litigation, or whose interest will not be affected by a judgment awarding the writ cannot intervene therein as a party.' 55 C.J.S., Mandamus, Section 254c. See

also *Walker v. Hartford Accident and Indemnity Company*, 196 Ga. 361, 26 S. E. 2d 695; *Brownlow v. Wunch*, 102 Colo. 447, 80 P. 2d 444; *People v. Myers*, 50 Hun 479, 3 N.Y.S. 365, affirmed 112 N.Y. 676, 20 N. E. 417. The only proper parties to a proceeding in mandamus are the petitioner who claims to be interested in the performance of the duty sought to be enforced and the party upon whom such duty is imposed by law; and 'it is inconsistent with the nature of the remedy to bring in as defendants parties only collaterally and incidentally interested in the subject of the controversy.' Spelling on Injunctions and Other Extraordinary Remedies, Second Edition, Volume 2, Section 1640. Section 450a, High on Extraordinary Legal Remedies, Third Edition, contains this statement: 'The right of third persons not parties to the action to interplead in proceedings in mandamus rests wholly upon statute, no such right existing at common law.' "

The allegations of the petition of Morrie Blair and ten other members of the county executive committee do not bring them within the scope of any statute of this State which in any way authorizes intervention by them as defendants in this proceeding. Inasmuch as they are under no duty to perform the acts sought to be enforced in this proceeding and are only collaterally and incidentally interested in the subject matter of this litigation, and inasmuch as their evidence in the form of affidavits sustains the action of the executive committee in requesting the appointment of the election officials designated in the list submitted to the county court, it was not necessary that they should be made parties to enable them to protect their interest in the subject matter of this litigation and, in view of the facts and circumstances disclosed by the pleadings filed and the evidence introduced, this Court, in the exercise of its discretion, by its order entered May 4, 1960, refused to permit them to intervene and be made parties defendant in this proceeding.

*Writ denied.*

GIVEN, JUDGE, concurring:

Involved in this proceeding are the contentions of the two minority members of the Mingo County Democratic Executive Committee to the effect that the meeting of the committee at which precinct primary election officers were selected was held in the absence of a quorum, and that the precinct election officers were selected solely by the chairman, not by the committee.

The County Court of Mingo County informed this Court that "it has voted to make no appearance and file no answer in the mandamus proceeding brought against it by Donald Evans and others".

The eleven members of the committee who sought to intervene, after specifically and in detail alleging their respective memberships in the committee, and alleging the contrary of the contentions of relators, supporting such allegation by eleven affidavits attached, including the affidavit of the chairman of the committee, stated that they "have such an interest in the subject matter of the petition * * * entitling them to intervene therein, * * * acting in their capacity as the Mingo County Democratic Executive Committee, and as members thereof, and as duly and legally and acting members and representatives of the Democratic Party in Mingo County, West Virginia, in the performance of their duties and rights as members of said committee, and as the duly and legally elected, appointed and qualified representatives of said Democratic Party, and specifically, in the performance of their rights and duty as the Mingo County Democratic Executive Committee".

The majority admits, as it must, *State ex rel. Thompson v. Fry,* 137 W. Va. 321, 71 S. E. 2d 449, that the intervening petitioners had the right to appear and have their petition filed and considered, if they had "an interest in the subject matter or whose rights or interests will be affected". It is my position that the allegations of the petition tendered to this Court by

those seeking intervention established the right to have that petition filed and, in truth, such petitioners were under legal duty to bring to this Court the true facts governing the contentions of the two minority members of the executive committee.

It should be kept in mind that an executive committee of a political party is a governmental body, created by the Legislature, and serves useful functions in the manner of holding or conducting free elections. I do not believe that a minority of two members thereof should be permitted to prosecute an action which could nullify and render ineffective the official action of such a committee, or even question any action of the committee, without permitting the committee, through a majority of eleven, to appear and answer charges made against it.

In the instant case, however, the true facts relating to the issues were properly made known to this Court, and the effects of its final action were in accord with the relief sought by the intervening petition. Those who sought intervention, therefore, were not prejudiced. For that reason I agree with the final disposition of the case. But it should not be overlooked that the right of a party to intervene should be determined as of the time petition therefor is tendered, not after final litigation.

I am authorized to say that Judge Browning concurs in the views expressed in this memorandum.